James MATTEUZZI, Appellant,

v.

The COLUMBUS PARTNERSHIP,
L.P., et al., Respondents.

No. 75707.

Supreme Court of Missouri,
En Banc.

Nov. 23, 1993.

James Leonard, R.J. Slater, St. Louis, for appellant.

J. Michael Waller, St. Louis, for respondents.

Philip C. Denton, St. Louis, for amicus curiae MATA.

John F. Medler, Jr., St. Louis, for amicus curiae S.W. Bell Telephone Co.

LIMBAUGH, Judge.

In this personal injury case, we are asked to review a cause of action based on the inherently dangerous activity doctrine. The trial court dismissed the petition for failure to state a claim on which relief can be granted. Plaintiff Matteuzzi appealed to the Court of Appeals, Eastern District, which, after opinion, transferred the case to this Court under Rule 83.02. The judgment of the trial court is affirmed.

The facts disclosed in the petition and the record of the trial court are summarized as follows: Defendant Columbus Partnership ("Partnership") owns a 95 year-old rowhouse located in the City of St. Louis as part of its business of acquiring and rehabilitating older properties. The Partnership hired R.G. Ross Construction Company ("R.G. Ross"), an independent contractor, to perform the interior and exterior renovation of the rowhouse. Plaintiff James Matteuzzi was employed by R.G. Ross as an apprentice carpenter replacing roof rafters and sheathing on the building. This work required Matteuzzi to position himself on the roof without scaffolding, ladders or any other support except for an exterior brick wall. Matteuzzi was injured when the brick wall, which was in a deteriorated condition, collapsed, causing him to fall approximately 23 feet from the roof of the building to the ground. He then filed a claim for workers' compensation with his employer and filed this separate action for damages against the Partnership.

In his petition, Matteuzzi asserts that the Partnership negligently failed to protect R.G. Ross' employees who were performing inherently dangerous work. The particulars of this allegation are set forth in the following paragraphs, taken from the petition:

9. [T]hat the [removal and replacement of roof rafters and sheathing] necessarily presented a substantial risk of danger to workmen unless adequate precautions were taken; that the activity described involved a substantial risk of workmen falling from the roof if adequate and proper precautions were not taken to prevent such an occurrence, as the work was inherently dangerous.

11. That because of the inherently dangerous nature of the work being performed, which work necessarily included the specific risk of workmen falling from the roof in the absence of proper safeguards, *Defendants had a non-delegable duty to assure that adequate precautions were taken to prevent workmen from falling off the edge of the building while working on the roof, but Defendants negligently failed to assure that such proper and adequate precautions were taken,* and as a result, no precautions were taken to prevent injury to workmen caused by falling from the roof.

12. That industry standards, and in particular OSHA Safety and Health Standards (29 CFR 1926.500) provide and re-

quire that, during the performance of roofing work on low pitched roofs with a ground to eave height greater than 16 feet, employees engaged in such work shall be protected from falling from all unprotected sides and edges of the roof by the use of motion-stopping-safety system or warning line system.

13. That Defendants failed to assure that a motion-stopping-safety system or warning line system, or any other protective measures, were in effect and utilized while men, and in particular Plaintiff, were working on the aforesaid roof, and such failure of Defendants was negligence.

14. ... That as a direct and proximate result of Defendants' failure to assure that preventive safety measures were taken, Plaintiff fell approximately twenty-three feet (23') from the roof to the pavement below as a direct result of the inherently dangerous activity.

15. That as a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff suffered [numerous injuries].

(Emphasis added).

The gist of the proposed cause of action is that the landowner breached a nondelegable duty to assure that adequate precautions were taken to prevent injury to employees of independent contractors engaged in inherently dangerous activity. In support of his position, Matteuzzi cites *Smith v. Inter-County Telephone Co.*, 559 S.W.2d 518 (Mo. banc 1977). To the extent that Matteuzzi's cause of action relies on the inherently dangerous activity doctrine, this Court, in the more recent case of *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991), held that the doctrine "no longer applies to employees of independent contractors covered by workers' compensation." *Id.* at 390. We are asked, then, to determine the viability of *Smith* in light of the *Zueck* case.

 Landowner liability under the inherently dangerous activity doctrine is a species of premises liability. At common law, a

landowner generally was not liable for injuries to "innocent third parties" caused by the negligence of an independent contractor or that of the contractor's employees. *Zueck*, 809 S.W.2d at 384. An exception to this rule was recognized, however, if the activity performed by the independent contractor was inherently dangerous. If so, the landowner who commissioned the inherently dangerous work was said to have a nondelegable duty to take precautions to prevent injury from the activity. The notion of a nondelegable duty gave rise to two, interrelated causes of action, one for the landowner's direct negligence, and the other for the landowner's vicarious liability for the negligence of the independent contractor. These two variations on the inherently dangerous activity doctrine are expressed more fully in *Restatement (Second) of Torts §§ 413 and 416 (1965)* respectively.[1] Those sections provide:

§ 413. Duty to Provide for Taking of Precautions Against Dangers Involved in Work Entrusted to Contractor

One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

§ 416. Work Dangerous in Absence of Special Precautions

One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the

---

1. *Restatement (Second) of Torts § 427 (1965)* also addresses a landowner's vicarious liability and is nearly identical to *§ 416.*

employer has provided for such precautions in the contract or otherwise.

*Section 413* differs from *Section 416*, as we understand it, only by the direct imposition of liability on a landowner who fails to provide in the contract or otherwise for the taking of any necessary precautions.

In *Mallory v. Louisiana Pure Ice & Supply Co.*, 320 Mo. 95, 6 S.W.2d 617 (1928), a vicarious liability case, this Court expanded the inherently dangerous exception so that landowners could be liable for injuries sustained by employees of independent contractors, not just "innocent third parties," such as passersby. As we noted in *Zueck*, *Mallory* did not consider the impact of what was then the recently enacted workers' compensation law. *Zueck*, 809 S.W.2d at 387.

In the *Smith* case, on which Matteuzzi relies, this Court endorsed a cause of action based on the landowner's own negligence. A submissible case is established when:

(1) performance of the contract necessarily involves some inherently dangerous activity; (2) the activity which caused the damage was reasonably necessary to the performance of the contract and was inherently dangerous; (3) the one contracting with the independent contractor negligently failed to insure that adequate precautions were taken to avoid damage by reason of the inherently dangerous activity; and (4) plaintiff's damage was a direct result of such negligence....

*Id.* at 523.

Later, in *Ballinger v. Gascosage Elec. Co-op.*, 788 S.W.2d 506 (Mo. banc 1990), this Court distinguished the cause of action stated in *Smith* from a cause of action based on the landowner's vicarious liability. In the former, proof of landowner negligence is required, in the latter, landowner negligence is irrelevant. As stated in *Ballinger*, "vicarious liability is imposed simply for commissioning the activity. The liability attaches without any need for showing that the employer is in any respect negligent." *Id.* at 511. *Ballinger's* unequivocal approval of the cause of action for vicarious liability did not preclude, as defendants suggest, an alternative cause of action, such as that in *Smith*, for the landowner's direct negligence.

██ Then, in *Zueck*, this Court for the first time analyzed the inherently dangerous activity doctrine in the light of the availability of workers' compensation. As noted earlier, *Zueck* held "[w]here workers' compensation law provides for liability of negligent third parties, as Missouri's does, there exists no valid reason to hold landowners vicariously liable to employees of independent contractors engaged in inherently dangerous activities." *Zueck*, 809 S.W.2d at 390. *Mallory*, and cases following it, were overruled to the extent they were inconsistent with *Zueck*. However, the doctrine was not changed in any other respect, and the cause of action based on the landowner's vicarious liability is still viable for any third party not covered by workers' compensation.

██ In his pleading and brief, Matteuzzi makes clear that he is not asserting a cause of action like that in *Zueck* for vicarious liability against the landowner for the negligence of his contractor. Instead, Matteuzzi contends that he has a cause of action under *Restatement § 413* because the Partnership itself was negligent in failing to take reasonable precautions to insure that the premises were safe for third parties, including the contractor's employees. However, in *Halmick v. SBC Corporate Services, Inc.*, 832 S.W.2d 925 (Mo.App.1992), the Court of Appeals tacitly recognized that *Zueck* applies to actions brought under either of the two *Restatement* sections. *Halmick* properly states that "... the inherently dangerous activity/non-inherently dangerous activity dichotomy is abolished in cases where the employee of an independent contractor is injured and is covered by workers' compensation...." *Id.* at 928.

██ The same reasons set forth in *Zueck* for rejecting a claim under *§ 416* are equally persuasive to reject a claim under *§ 413*. A landowner who engages the services of an independent contractor pays directly or indirectly "for the compensation coverage when he contracts with the independent contractor." *Zueck*, 809 S.W.2d at 389. It is unfair, therefore, to subject a landowner to what is, in effect, double liability—workers'

compensation coverage *and* liability under the inherently dangerous activity doctrine. *Id.* at 388. Furthermore, the doctrine encourages landowners to limit their liability by using their own nonexpert employees to perform inherently dangerous work rather than hire independent contractors with expertise in the field. Thus, the doctrine counterproductively increases the risk of injury to others. *Id.* Consistent with *Zueck,* we hold that Matteuzzi, as the employee of the landowner's independent contractor, has no cause of action under either variation of the inherently dangerous activity doctrine. To the extent that *Smith v. Inter–County Telephone Co.,* 559 S.W.2d 518 (Mo. banc 1977), purports to authorize a cause of action in favor of employees of independent contractors covered by workers' compensation, it is overruled.

Because this case comes to us on a motion to dismiss, we must determine if the allegations in Matteuzzi's petition support, in the alternative, a cause of action under a different theory of premises liability. In that regard, Matteuzzi claims that the landowner had a duty to make the jobsite safe whether or not the construction involved an inherently dangerous activity. As correctly noted in *Halmick,* "landowner liability in such cases rests, not on the nature of the activity employed in, but on the degree of control a landowner maintains over the construction." *Id.*

It is well-settled that a property owner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee, *Hunt v. Jefferson Arms Apt. Co.,* 679 S.W.2d 875, 879 (Mo.App.1984), and that an employee of an independent contractor who has permission to use a landowner's premises or facilities is such an invitee. *Enloe v. Pittsburgh Plate Glass Co.,* 427 S.W.2d 519, 522 (Mo.1968). If, however, the landowner relinquishes possession and control of the premises to an independent contractor during a period of construction, the duty of care shifts to the independent contractor. The landowner, no longer considered the possessor of the land, is thus relieved of potential liability. *Halmick,* 832 S.W.2d at 927. *See also Restatement (Second) of Torts § 422*

and *cmt. c,* at *405 (1965).* On the other hand, to establish that the landowner *retained* possession and control of the premises and the attendant duty of care, Matteuzzi must show that the landowner controlled the jobsite and the activities of the contractor. As the Court of Appeals stated in *Halmick,* "[t]he owner's involvement in overseeing construction must be substantial ... the control must go beyond securing compliance with the contracts; the owner must be controlling the physical activities of the employees of the independent contractors or the details of the manner in which the work is done." *Halmick,* 832 S.W.2d at 929.

In this case, Matteuzzi's sole allegation of "control" is that "[t]he subject property was owned and/or controlled by [the Partnership]...." This bare assertion does not show that the Partnership exercised "substantial" control over the construction by directing the manner in which the work on the rowhouse was performed or by otherwise directing the activities of the independent contractor or its employees. Matteuzzi has failed to allege sufficient landowner control to state a cause of action under premises liability, and therefore the trial court correctly dismissed the petition.

The judgment of the trial court is affirmed.

All concur.