STATE of Missouri, ex rel. ANHEUSER–BUSCH, INCORPORATED, Relator,

v.

The Honorable Thomas C. MUMMERT, Circuit Judge, St. Louis City Circuit Court, Respondent.

No. 66317.

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

Nov. 1, 1994.

Rehearing Denied Dec. 8, 1994.

Daniel T. Rabbitt, Steven J. Hughes, Rabbitt, Pitzer & Snodgrass, St. Louis, for relator.

Larry D. Valentine, Riethmann & Valentine, St. Louis, for respondent.

AHRENS, Presiding Judge.

Relator, Anheuser–Busch, Incorporated, seeks a Writ of Prohibition following the denial of its summary judgment motion. Where unnecessary, inconvenient, and expensive litigation can be avoided, prohibition is the appropriate remedy. *State ex rel. Police Ret. Sys. v. Mummert*, 875 S.W.2d 553, 555 (Mo. banc 1994). Our preliminary order in prohibition is made absolute.

Relator is a third-party defendant in a suit filed by plaintiff, Theodore Bruch, an employee of Payne Electric, an independent contractor doing renovation work on Relator's property. In his third amended petition, plaintiff seeks damages for injuries allegedly sustained from electrocution while working near an electrical junction box located on Relator's property. Plaintiff alleges that Guarantee Electric Company (GEC), defendant/third-party plaintiff in the underlying case, negligently installed high-voltage wiring under the electrical junction box, which resulted in plaintiff's injuries. The record indicates that plaintiff entered into a workers' compensation settlement with his employer and employer's insurer.

GEC subsequently filed a third-party petition against Relator alleging that any deficiencies in the wiring in the electrical junction box existed prior to its installation by GEC. GEC contends that if ultimately held liable it is entitled to indemnity from Relator for the reason that Relator was negligent in causing or allowing the electrical junction box to exist in a defective and unreasonably dangerous condition. GEC further alleges that Relator had a nondelegable duty to keep the premises reasonably safe for use by plaintiff and others, but breached that duty resulting in plaintiff's injuries.

Relator filed a motion for summary judgment or, in the alternative, a motion to dismiss for lack of subject matter jurisdiction. The motions were denied and Relator petitioned this Court for a Writ of Prohibition.

■ Relator contends that it is not liable as a matter of law. We agree.

■ An independent contractor and its employees who have permission to use a landowner's property and facilities take the status of business invitees. *Halmick v. SBC Corporate Services, Inc.*, 832 S.W.2d 925, 927 (Mo.App.1992). Generally, the landowner has a duty to use reasonable and ordinary care to prevent injuries to business invitees. *Matteuzzi v. Columbus Partnership, L.P.*, 866 S.W.2d 128, 132 (Mo. banc 1993). An exception to this rule exists where a landowner relinquishes possession and control of the property to an independent contractor during a period of construction. *Id.* In this situation, the independent contractor, not the landowner, is deemed to be the possessor of the land and the duty to use reasonable and ordinary care to prevent injury shifts to the independent contractor. *Id.*

In this case, the record reflects that Relator was in the process of renovating certain buildings at its brewing complex and hired several independent contractors to facilitate the renovation. Plaintiff was the employee of an independent contractor hired to do electrical work during this period of renovation. Following the general rule, the duty to take reasonable and ordinary care to prevent injury shifts to the independent contractors who have possession and control of the property. This court finds and GEC offers no reason why this duty should not shift as a matter of law.

Our supreme court has held that the shift of duty to use reasonable and ordinary care from the landowner to the independent contractor does not occur where the landowner hires an independent contractor to perform inherently dangerous activities. *Ballinger v. Gascosage Electric Co-op.*, 788 S.W.2d 506, 511 (Mo. banc 1990). However, in *Zueck v. Oppenheimer Gateway Properties*, 809 S.W.2d 384 (Mo. banc 1991), the supreme court held that the inherently dangerous ac-tivity exception does not apply where an employee of an independent contractor is covered by workers' compensation. *Id.* at 390. The court prefaced this holding by stating that "[i]ndependent contractors are frequently, if not usually, hired because the landowner is aware of his own lack of expertise and seeks to have the work performed as safely and efficiently as possible by hiring those possessing the expertise he lacks." *Id.* at 387–88. A landowner pays, indirectly through increased bids, for workers' compensation insurance. *Id.* at 389. It would be unfair to. impose double liability to landowners for inherently dangerous activities and workers' compensation coverage. *Id.* at 388. The court also noted that to hold otherwise would encourage landowners to use only their own potentially inexperienced employees to engage in such activities where their liability would be limited to workers' compensation benefits. *Id.* This, in turn, would result in an increased risk of injury to others. *Id.* This holding, however, appears to apply only where the plaintiff rests on a theory of *vicarious* liability of the landowner for inherently dangerous activities performed by independent contractors on the landowner's property. *Id.* at 390.

The supreme court held, in *Matteuzzi*, that the rule enacted in *Zueck* applies not only to *vicarious* liability of landowners, but also to actions of *direct* negligence of a landowner for injuries to an employee engaged in an inherently dangerous activity. *Matteuzzi*, 866 S.W.2d at 132. The court opined that the reasons for limiting liability in vicarious liability cases are equally persuasive to limit liability in direct negligence cases. *Id.* at 131.

■ To summarize, an employee of an independent contractor hired by a landowner to perform an inherently dangerous activity on landowner's property has no cause of action against the landowner for injuries sustained while performing such activity under either the vicarious liability theory or the direct negligence theory where the employee was covered by workers' compensation.

"The inherently dangerous activity/non-inherently dangerous activity dichotomy has been abolished in cases where the employee

of an independent contractor is injured and is covered by workers' compensation." *Halmick,* 832 S.W.2d at 928. Thus, the only question in this case is whether Relator maintained possession and control over the property and whether that possession and control, as a matter of law, was sufficient to impose liability. *Id.* We believe it was not.

■ In order to impose liability upon a landowner in such a case, the owner's involvement must be "substantial." *Id.* at 929. "[T]he owner must be controlling the physical activities of the employees of the independent contractors or the details of the manner in which the work is done." *Id.* In an affidavit submitted by Relator, Robert Kallemier, Project Manager for the renovations of the property in question, stated that "at the time of [the] alleged accident and injury, [Relator] was not controlling the physical activities of [plaintiff] or the details of the manner in which the work he was doing was being performed." We believe Relator satisfied the prima facie showing required by Rule 74.04(c) that Relator was entitled to judgment as a matter of law. At that point the burden under Rule 74.04(e) shifted to GEC to set forth specific facts showing there was a genuine issue for trial. The record on appeal reveals no evidence in response other than a bare allegation in its petition that Relator "owned, leased, operated, possessed or controlled" the property in question. As in *Matteuzzi,* this bare assertion does not show Relator exercised "substantial" control over the construction by directing the manner in which the work was performed or by otherwise directing the activities of the independent contractor or its employees. *Matteuzzi,* 866 S.W.2d at 132. "[A]n adverse party [to a summary judgment motion] may not rest upon the mere allegations or denials of his pleading, but his *response,* by affidavits or as otherwise provided in this Rule 74.04, *shall set forth specific facts* showing that there is a genuine issue for trial." *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 381 (Mo. banc 1993).

We believe that GEC did not meet its burden under Rule 74.04(e) to set forth specific facts showing that there was a genuine issue for trial. Relator is therefore entitled to summary judgment as a matter of law.

Because we hold that summary judgment was proper in this case, we decline to address Relator's alternative contention that the trial court lacked subject matter jurisdiction to hear this action. Our preliminary order in prohibition is made absolute. The case is remanded to the trial court with instructions to enter summary judgment in favor of Relator.

GRIMM, C.J., and CRANDALL, J., concur.