Jackie Wayne SCOTT, Appellant,

v.

EDWARDS TRANSPORTATION
COMPANY, Respondent.

No. 19136.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 30, 1994.

Motion for Rehearing and Transfer to
Supreme Court Denied Dec. 21, 1994.

Application to Transfer Denied
Jan. 24, 1995.

Phillip J. Barkett, Jr., Dempster, Barkett, McClellan & Edwards, Sikeston, for appellant.

A.M. Spradling, III, Spradling & Spradling, Cape Girardeau, Bernard C. Rice, Blanton, Rice, Sidwell & Ottinger, Sikeston, for respondent.

CROW, Judge.

In March, 1987, Medwick Johnston contracted with Respondent to construct a building on Respondent's land. On April 22, 1987, Appellant, an employee of Johnston, was severely injured while working on the project.

Appellant filed a workers' compensation claim against Johnston and Respondent. In *Scott v. Edwards Transp. Co.*, 807 S.W.2d 75 (Mo. banc 1991), the Supreme Court of Missouri affirmed an award (a) granting Appellant's claim against Johnston, but (b) denying Appellant's claim against Respondent. The Court rejected Appellant's contention that Respondent was liable as a statutory employer. *Id.* at 77–78.

While the workers' compensation claim was pending, Appellant sued Respondent in the Circuit Court of Mississippi County, alleging the work he was doing when injured "constituted an inherently dangerous activity." Respondent moved for summary judgment, insisting the work was not inherently dangerous. The trial court granted the motion and entered judgment for Respondent on October 18, 1993.

Plaintiff appeals, maintaining the trial court erred in that there is a material issue of fact as to whether the work was inherently dangerous. The relevance of the "inherently dangerous" issue is illustrated by a history of the pertinent law appearing in *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991):

"Under the common law, one who contracts with an independent contractor is generally not liable for bodily harm caused by the torts of the contractor or the contractor's servants. Where, however, the activity undertaken by the independent contractor is inherently dangerous, the common law recognizes an exception and subjects the landowner to liability to innocent third parties for injuries resulting from failure of the independent contractor to take special or reasonable precautions against the inherent risks or dangers. In *Mallory v. Louisiana Pure Ice & Supply Co.*, 320 Mo. 95, 6 S.W.2d 617 (banc 1928), this Court extended the inherently dangerous exception to an employee of the independent contractor, making the landowner vicariously liable for the employee's injuries. The dispositive issue before the Court here is whether the rule announced in *Mallory* should continue to be the law of Missouri. We hold that the inherently dangerous exception no longer applies to employees of independent contractors covered by workers' compensation and overrule *Mallory* and cases following *Mallory*, including *Ballinger v. Gascosage Electric Cooperative*, 788 S.W.2d 506 (Mo. banc 1990), to the extent that those cases are inconsistent with this opinion."
*Zueck*, 809 S.W.2d at 384.

In *Zueck*, an independent contractor was performing work for a landowner. An employee of the contractor was injured on the job. The employee sued the landowner, averring the work was inherently dangerous. The Supreme Court assumed, *arguendo*, that it was. *Id.* at 386. Nonetheless, the Supreme Court held the landowner was not vicariously liable. The holding, as set forth in the passage quoted above, was that "the inherently dangerous exception no longer applies to employees of independent contractors covered by workers' compensation...." The rationale for the holding appears at pages 386–90.

The Supreme Court followed *Zueck* in *Matteuzzi v. Columbus Partnership, L.P.*, 866 S.W.2d 128 (Mo. banc 1993), saying again that the inherently dangerous activity doctrine "no longer applies to employees of independent contractors covered by workers' compensation." *Matteuzzi*, 866 S.W.2d at 130.

It would therefore seem that the instant case is controlled by *Zueck* and *Matteuzzi*. Indeed, in the instant case the Supreme Court noted that the bid submitted by Johnston and accepted by Respondent provided, "Our workers are fully covered by Workmen's Compensation Insurance." *Scott*, 807 S.W.2d at 77. However, the Supreme Court went on to point out that the insurance had expired before Appellant was injured. *Id.*

Appellant, as we comprehend his brief, assumes *Zueck* and *Matteuzzi* do not bar his claim inasmuch as no insurance exists from which he can satisfy his workers' compensation award against Johnston. Appellant asserts, "Because Appellant is not the beneficiary of any compensation coverage, the inherently dangerous activity doctrine is available to him...."

Respondent appears to embrace Appellant's analysis. Respondent's brief states, "The summary judgment in *Zueck* was affirmed on the ground that the inherently dangerous exception did not apply to workers covered by workers' compensation insurance." Starting from that premise, Respon-

dent strenuously argues that the work Appellant was doing was not, as a matter of law, inherently dangerous. Respondent evidently believes that if the work was inherently dangerous and Johnston failed to take reasonable precautions to protect Appellant from such danger, Respondent is vicariously liable if Johnston's neglect directly caused or directly contributed to cause Appellant's injuries.

■ We believe the parties misunderstand *Zueck* and *Matteuzzi*. Our study of those cases convinces us the Supreme Court intended to abrogate the inherently dangerous activity doctrine in all instances where an independent contractor's employee is injured and the contractor is liable to the employee under the workers' compensation law, irrespective of whether the contractor has workers' compensation insurance.

We are persuaded of this by the Supreme Court's explanation for its holding in *Zueck*. The Court observed that when a contractor who is subject to the workers' compensation law submits a bid to a landowner, the bid includes the amount the contractor must pay to cover his employees with workers' compensation insurance. 809 S.W.2d at 389. The landowner absorbs the cost of the coverage by paying the bid price. *Id.* This spreads the cost among those who contract with the contractor. *Id.*

■ Here, as reported earlier, Johnston's bid to Respondent provided that Johnston's workers were covered by workers' compensation insurance. Presumably, that was one of the factors Respondent considered in accepting Johnston's bid. There is no allegation that Respondent knew, before Appellant was injured, that Johnston's workers' compensation insurance had expired.

It is undisputed that the workers' compensation law applies to Appellant's injury. Appellant acknowledges that his workers' compensation award ordered the Second Injury Fund to pay his medical expenses which, at the time of the award, totaled $97,409.53. Additionally, the award provided that future medical, surgical and hospital treatment, including nursing, ambulance service and medicine, reasonably required by Appellant during his disability, are to be paid by the Second Injury Fund.

Acceptance of the parties' interpretation of *Zueck* and *Matteuzzi* would mean that application of the inherently dangerous activity doctrine hinges on the integrity of the independent contractor. That is, if a landowner contracts with an independent contractor who is subject to the workers' compensation law, the landowner, in order to protect himself against liability for injury to the contractor's workers under the inherently dangerous activity doctrine, would have to maintain surveillance of the contractor's workers' compensation insurance to ensure it remains in force until the project is finished. We do not believe the Supreme Court meant to place that duty on the landowner. The crucial language in both *Zueck* and *Matteuzzi* is that the inherently dangerous activity doctrine "no longer applies to employees of independent contractors covered by workers' compensation." 809 S.W.2d at 384, 390; 866 S.W.2d at 130. The word "insurance" appears nowhere in those passages.

If this conclusion seems harsh toward the injured worker, it must be remembered, as explained in *Zueck*, 809 S.W.2d at 384, that a landowner has never been liable for bodily harm caused by the torts of an independent contractor unless the contractor's activity was inherently dangerous. As observed in *Zueck*:

"The application of the inherently dangerous exception ... distorts workers' compensation laws. The exception, if extended to employees of an independent contractor, permits a limited class of injured workers—those who can convince a judge that their work for an independent contractor was inherently dangerous—to avoid the limitations of workers' compensation. This is contrary to the fact that the economic system permits workers who presume to undertake dangerous work to bargain for an enhanced reward for assuming the danger and despite the intended exclusivity of workers' compensation as an injured worker's remedy."

809 S.W.2d at 390 (footnote omitted).

We therefore hold that where an independent contractor is subject to the workers' compensation law and one of his workers is injured while performing work under a contract between the contractor and a landowner, *Zueck* and *Matteuzzi* bar the worker from suing the landowner under the inherently dangerous activity doctrine. If those

cases, so construed, apply to Appellant's injury, it is unnecessary to decide whether the work he was doing was inherently dangerous.

An attentive reader will recall Appellant was injured April 22, 1987. At that time, the inherently dangerous activity doctrine was in force in regard to injuries sustained by an independent contractor's employees performing work pursuant to a contract between the contractor and a landowner, irrespective of whether the contractor was subject to the workers' compensation law. *See: Ballinger*, 788 S.W.2d at 509–11. The law remained so until *Zueck* was decided on May 3, 1991, four years after Appellant's injury.

Consequently, one might wonder whether Appellant could argue that the law applicable to his injury is pre-*Zueck*, not *Zueck*. Nothing in *Zueck* or *Matteuzzi* indicates whether the *Zueck* exception to the inherently dangerous activity doctrine applies to pre-*Zueck* injuries.

However, our study of the record reveals Appellant did not maintain in the trial court that pre-*Zueck* law governs his claim against Respondent. Appellant's suggestions to the trial court in opposition to Respondent's motion for summary judgment stated:

> "Although it was determined that [Johnston] was a covered employer under the Workers' Compensation Act, ... Johnston, in fact, had no Workers' Compensation coverage."

Respondent's suggestions to the trial court in support of its motion for summary judgment cited *Zueck* and stated:

> "Missouri has limited the inherently dangerous exception to ... employees of an independent contractor who are not covered by workers' compensation."

Whether the workers' compensation law applied to a worker's injury was irrelevant under pre-*Zueck* law. It was *Zueck* which rendered *Mallory*, 6 S.W.2d 617, and its progeny inapplicable where the independent contractor's injured employee had a workers' compensation claim against the contractor.

The record thus demonstrates that the parties presented the case to the trial court on the theory that because Johnston had no workers' compensation insurance, *Zueck* and *Matteuzzi* did not bar Appellant's claim against Respondent. The issue the trial court was told to decide in adjudicating Respondent's motion for summary judgment was whether, as a matter of law, the work Appellant was doing was inherently dangerous. Appellant represented to the trial court that an expert witness was prepared to testify that the work was inherently dangerous and Johnston had not taken adequate precautions to protect Appellant. Appellant did not suggest to the trial court that his claim against Respondent was governed by pre-*Zueck* law.[1]

Were we to address the issue of whether pre-*Zueck* law applies, we would be considering a theory of recovery not advanced by Appellant in the trial court (or here). We cannot do so. On appeal, a party is bound by the position he took in the trial court and will not be heard on a different theory. *In re Marriage of Short*, 847 S.W.2d 158, 167[16] (Mo.App.S.D.1993); *In re Marriage of Medlock*, 749 S.W.2d 437, 440[4] (Mo.App.S.D.1988). Furthermore, an appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide. *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 36[12] (Mo. banc 1982), *appeal dismissed*, 459 U.S. 1094, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983).

Accordingly, we decide this appeal on the law established by *Zueck* and repeated in *Matteuzzi*. Because Johnston was subject to the workers' compensation law, those cases deny Appellant a cause of action against Respondent even if Appellant's work was inherently dangerous.[2] Consequently, the trial court did not err in granting Respondent's motion for summary judgment.

In a letter to counsel, the trial court stated it was granting the motion because the trial court found Appellant's work was not inherently dangerous. Because we have held

---

1. Appellant may have been mindful that three cases have held *Zueck* applies retroactively to pre-*Zueck* accidents. *Prayson v. Kansas City Power & Light Co.*, 847 S.W.2d 852 (Mo.App. W.D.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *Goodrum v. Kansas*

*City Power & Light Co.*, 841 S.W.2d 274 (Mo.App. W.D.1992); *Aubuchon v. Hyland*, 820 S.W.2d 613 (Mo.App.E.D.1991).

2. Blackmar, C.J., concurring in *Zueck*, speculated that where an independent contractor is sub-

*Zueck* and *Matteuzzi* deny Appellant a cause of action against Respondent even if the work was inherently dangerous, we need not decide the inherently dangerous issue.

An appellate court must affirm a trial court's grant of summary judgment if, as a matter of law, it is sustainable on any ground. *Russo v. Kelm,* 835 S.W.2d 568, 569–70[1] (Mo.App.E.D.1992); *Preston v. Preston,* 823 S.W.2d 48, 49[2] (Mo.App.E.D. 1991).

The instant judgment is sustainable because, as a matter of law, *Zueck* and *Matteuzzi,* applied to the facts established here, deny Appellant a cause of action against Respondent.

Judgment affirmed.

PREWITT and PARRISH, JJ., concur.

ject to the workers' compensation law and one of his employees is injured, the employee, even after *Zueck,* may still have a cause of action against the landowner if the landowner has an independent duty to the employee and the landowner, through his own negligence, breaches the duty.

809 S.W.2d at 391. *Matteuzzi* indicates such a duty could exist if the landowner retains possession and control of the premises or oversees the details of the manner in which the work is done. 866 S.W.2d at 132[11]. Appellant's petition makes no such allegation against Respondent.