Larry S. LAWRENCE, Appellant,

v.

BAINBRIDGE APARTMENTS,
et al., Respondent.

No. WD 51590.

Missouri Court of Appeals,
Western District.

April 9, 1996.

Pieter A. Brower, Kansas City, for Appellant.

Thomas H. Mills, Kansas City, for Respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SMITH, JJ.

SMITH, Judge.

Appellant appeals from an order granting summary judgment in favor of respondents on Count II of his petition and an earlier dismissal of Count I of his petition. Appellant asserts two points on appeal: 1) the trial court erred in sustaining respondents' motion for summary judgment on Count II which alleges premises liability based on control for the reason that appellant presented sufficient facts to establish a genuine issue concerning the question of respondents' retaining sufficient possession and control of the premises so that respondents owed a duty of reason-

able care to appellant; and, 2) the trial court erred in granting respondents' motion to dismiss Count I of appellant's petition which alleges landowner liability under the inherently dangerous activity doctrine in finding that appellant had received workers' compensation benefits where the Kansas appellate court has not yet ruled on his appeal of the question of whether appellant was an "employee" covered under workers' compensation.

We affirm in part and reverse and remand in part.

## FACTS

Respondent, Bainbridge Apartments, is a California Limited Partnership whose general partner is respondent, Ranbir S. Sahni. Bainbridge is managed by respondent, American Development Corporation ("ADC"). Bainbridge, Sahni, and ADC are collectively referred to as respondents.

On or about May 1, 1989, appellant and his father went to Bainbridge Apartments to assess the possibility of undertaking a window washing job at the apartment complex. Smart Way Janitorial Service hired appellant for the window washing job. During this visit, appellant was told that Bainbridge's management preferred to have the windows washed from the outside, rather than the inside, of the buildings so as to not disturb their tenants.

The Bainbridge property consists of six buildings. Four buildings are four stories tall; two buildings are seven stories tall. The windows on the two taller buildings could not be washed from the outside, because their roof and eave structures would not allow exterior washing. The four smaller buildings had roof access that would allow the windows to be done from the roof, however, they lacked adequate structures on the roof to which to tie back a safety line to secure the hanging scaffolding that would be required to do the windows from the outside. The building manager insisted that the four smaller buildings be done from the outside despite lack of safety tie back structures on the roofs of these buildings.

On or about May 15, 1989, appellant began washing the windows of the four shorter buildings using equipment that included a Bosun's Seat, a beam fastened to rollers, and a counter weight. Appellant selected this equipment as the most economical because the ground surface, shrubs and excavation around the buildings and their height prevented the use of ladders or other types of scaffolding.

On May 25, 1989, appellant fell while washing the Bainbridge windows when his entire washing apparatus went over the edge of the roof of the four-story building on which he was working. At the time plaintiff fell, his safety line was tied back only to the rolling scaffold from which he was suspended, because it was the only substantial structure on the roof to which he could secure his safety line and still clean the windows from the outside.

Appellant made claim for workers' compensation benefits under the Kansas Workers' Compensation Act against Smart Way Service for medical benefits and disability resulting from his fall on May 25, 1989. An award finding that appellant was an employee was entered by the Administrative Law Judge ("ALJ") on June 1, 1994. The employer appealed that award to the Appeals Board for the Kansas Division of Workers' Compensation. On March 28, 1995, the Board set aside the award and denied appellant benefits under the Workers' Compensation Act. The Board found he was neither an employee of the respondent, nor an employee of a subcontractor and as such did not qualify for benefits. Appellant's appeal from this ruling is now pending in the Kansas Court of Appeals.

## I.

Appellant asserts in his first point on appeal that the trial court erred in sustaining respondents' motion for summary judgment on Count II of his petition which alleges premises liability based on control by the respondents. Appellant contends he presented sufficient facts to establish a genuine issue concerning the question of respondents' retaining possession and control of the prem-

ises so that respondents owed a duty of reasonable care to him.

■ Review of an appeal from summary judgment is de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). An appellate court reviews the record in the light most favorable to the party against whom judgment was entered and accords the non-moving party the benefit of all reasonable inferences from the record when reviewing an appeal from summary judgment. *Id.; Zueck v. Oppenheimer Gateway Properties, Inc.,* 809 S.W.2d 384, 385–86 (Mo. banc 1991). Summary judgment will be upheld on appeal if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *ITT,* 854 S.W.2d at 377; *Zueck,* 809 S.W.2d at 385. A defending party may establish a right to judgment by showing any one of the following: 1) facts that negate any one of the elements of the claimant's cause of action, 2) that the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or 3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *ITT,* 854 S.W.2d at 381.

■ An employee of an independent contractor who has the landowner's permission to use his premises or facilities is an invitee. *Matteuzzi v. Columbus Partnership, L.P.,* 866 S.W.2d 128, 132 (Mo. banc 1993). The law is well-settled in Missouri that a property owner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee. *Id.* However, the duty of care shifts to the independent contractor if the landowner relinquishes possession and control of the premises to the independent contractor during the period of construction. *Id.* In such a case, the landowner is no longer considered the possessor of the land and is relieved of potential liability. *Id.* But, where the landowner controls the job site and the contractor's activities, the evidence may establish that the landowner retained possession and control of the premises warranting a duty to use reason-

able and ordinary care to prevent injury to the invitee. *Id.* This is so even if the invitee is a covered employee under workers' compensation. *Id.* The landowner must have substantial involvement in overseeing the construction and the control must go beyond securing compliance with the contracts. *Id.* The landowner must be controlling the physical activities of the employees of the independent contractors or the details of the manner in which the work is done. (emphasis added). *Id.*

The question presented here is whether a genuine issue of fact exists as to appellant's assertion that respondents' retained possession and control of the premises so that respondents owed a duty of reasonable care to appellant. In determining what constitutes sufficient possession and control of the premises by a landowner to impose liability we find *Owens v. Shop 'N Save Warehouse Foods,* 866 S.W.2d 132 (Mo. banc 1993), to be persuasive.

In *Owens,* the Missouri Supreme Court held the selection of a paint color that was not readily available in a safety spray and insistence on its use after being informed by the independent contractor of the safety problems that would result from the selection did not constitute sufficient landowner control to warrant premises liability. *Id.* at 134–35. Safety spray is generally used for ceilings because it is fast-drying and the excess falls as a dry dust rather than as a slick residue on which a painter might slip and fall. *Id.* In *Owens,* the plaintiff fell to the concrete floor from scaffolding that rose about twenty to twenty-one feet above the floor when he slipped on the slick oil paint residue. *Id.* at 134. He was not using a safety line because it was impractical to do so on this job. *Id.* at 133. The court held that the landowner controlled neither the "physical activities of the employees" nor the "details of the manner in which the work [was] done" by merely choosing the type of paint and was not liable to the employee of the independent contractor. *Id.* at 135.

■ Here, appellant asserts respondents' retained sufficient possession and control of the premises so that respondents owed a

duty of reasonable care to appellant because: 1) a manager or assistant manager checked appellant into the job site each morning; 2) a maintenance or janitorial worker unlocked the service door to the roof top to enable appellant to access the hanging scaffold equipment; 3) a maintenance employee removed the screens from the windows to allow appellant to wash them; and, 4) respondents' insisted on the windows being washed from the outside on the four smaller buildings after being informed that it would be faster and safer to wash them from the inside. App. Br. 4.

The requisite landowner control must be more substantial than merely securing compliance with the contract or choosing the type of job to be done, and necessitates control over the details of the manner in which the job is performed or the physical activities of the employees. *Matteuzzi*, 866 S.W.2d at 132; *Owens*, 866 S.W.2d at 135. Checking appellant in, unlocking the door to the roof and removing the screens from the windows is no more than securing compliance with the contract and is certainly not control over appellant's physical activities or the details of the manner in which he performed the contracted work. Appellant was able to perform the job of window washing in any manner he chose as long as it was from the outside. Respondents did not control the details of the manner in which the job was performed, but instead, they contracted for a different job completely, washing the windows from the outside instead of the inside.

On Count II, we find respondents were entitled to judgment as a matter of law in that no genuine issues of material fact exist as to appellant's claim that respondents retained sufficient control of the premises to impose premises liability. The undisputed facts negate the element of control necessary to appellant's recovery under Count II. *Matteuzzi*, 866 S.W.2d at 132.

Point I denied.

## II.

In Point II, appellant asserts the trial court erred in granting respondents' motion to dismiss Count I of appellant's petition for damages which alleges landowner liability under the inherently dangerous activity doctrine. In granting respondents' motion, the trial court found that appellant had received workers' compensation benefits which barred recovery under the doctrine.

When reviewing the granting of a motion to dismiss for failure to state a claim upon which relief can be granted, appellate courts accept as true all facts properly pleaded and all reasonable inferences therefrom. *Halmick v. SBC Corporate Servs., Inc.*, 832 S.W.2d 925, 926 (Mo.App.1992). A petition should not be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *Id.*

To state a claim for relief under the inherently dangerous activity doctrine, a petition must allege: 1) performance of the contract necessarily involves some inherently dangerous activity; 2) the activity which caused the damage was reasonably necessary to the performance of the contract and was inherently dangerous; 3) the one contracting with the independent contractor negligently failed to insure that adequate precautions were taken to avoid damage by reason of the inherently dangerous activity; and, 4) plaintiff's damage was a direct result of such negligence. *Mays v. Penzel Constr. Co.*, 801 S.W.2d 350, 352 (Mo.App.1990); *Smith v. Inter-County Tel. Co.*, 559 S.W.2d 518, 523 (Mo. banc 1977). "Inherently dangerous" has been defined to mean that the danger inheres in the instrumentality or condition itself, at all times, so as to require special precautions to be taken with regard to it to prevent injury; instead of danger arising from mere casual or collateral negligence of others with respect to it under particular circumstances. *Thompson v. Paseo Manor South, Inc.*, 331 S.W.2d 1, 6 (Mo.App.1959).

Appellant's petition for relief in Count II alleges the following: 1) the performance of the contract necessarily involved an inherently dangerous activity as the aerial washing of windows at Bainbridge Apartments presented a substantial risk of danger unless adequate precautions were taken; 2) respondents' had a non-delegable duty to assure that adequate precautions were taken to in-

sure that the work activity would be performed in a reasonably safe manner and to avoid damage by reason of the inherently dangerous activity, aerial washing of windows; 3) respondents' breached this duty by failing to insure that appellant had reasonably safe equipment and a reasonably safe place in which to perform the subject task; and, 4) as a result, appellant was injured and sustained severe, painful and permanent injuries to his head, neck, back and lower extremities.

In respondents' answer to appellant's Count I, respondents asserted the following affirmative defenses: 1) plaintiff's Petition for Damages fails to state a claim or sufficient facts upon which relief can be granted; 2) plaintiff's damages, if any, were caused or contributed to by the negligent or intentional acts, conduct or omissions of others, including but not limited to plaintiff, and therefore must be apportioned in accordance with principals of comparative fault; 3) plaintiff failed to mitigate his damages; and, 4) incorporate by reference all arguments made in or supporting their Motion to Dismiss which contains (a) appellant's claims are barred by his recovery of workers' compensation benefits; (b) appellant was not injured as a result of an inherently dangerous activity; and (c) respondents did not actively control appellant's work so as to overcome the independent contractor negligence bar.

The Missouri Supreme Court held in *Zueck* that the inherently dangerous exception did not apply to injuries sustained by an employee of an independent contractor who was covered by workers' compensation and therefore owners and possessors of land were not vicariously liable for injuries sustained by a contractor's employee while performing an inherently dangerous activity. 809 S.W.2d 384. The trial court in dismissing Count I of appellant's petition did not find the appellant failed to adequately plead a claim under the inherently dangerous activity doctrine. Rather, the trial court dismissed Count I because "[appellant's] claim is barred due to his recovery of workers' compensation benefits." L.F. 91. Under the law in *Zueck*, this finding by the trial court is correct only if the recovery of benefits is the equivalent of being a covered employee under workers' compensation. The issue then is whether the trial court erred in finding that appellant is a covered employee under workers' compensation.

In addressing the issue of whether appellant was covered under workers' compensation, the trial court equated "coverage" with the "recovery" of medical and temporary total disability workers' compensation benefits. The trial court did not address the fact that coverage under workers' compensation is being contested by appellant's employer. The court in *Scott v. Edwards Transp. Co.*, 889 S.W.2d 144 (Mo.App.1994), interpreted the Missouri Supreme Court in *Zueck* and *Matteuzzi* as "intend[ing] to abrogate the inherently dangerous activity doctrine in all instances where an independent contractor's employee is injured and the contractor *is liable* to the employee under the workers' compensation law, irrespective of whether the contractor has workers' compensation insurance." *Id.* at 146 (emphasis added). The court held the actual payment of workers' compensation insurance benefits is not the discerning issue, but instead whether the independent contractor is liable to the employee for his injuries pursuant to workers' compensation law. *Id.* at 146–47.

In light of the decision in Scott, we hold that the trial court erred in basing its decision to dismiss solely on the payment to appellant of temporary workers' compensation benefits where coverage is now denied by appellant's employer. The holding in Scott imposed a duty on the trial court here to determine whether appellant's employer is "liable" to him under workers' compensation prior to dismissing Count I, which it did not do.

In his brief appellant argues that the trial court could not dismiss Count I of his petition on the basis stated until the Kansas Court of Appeals finally ruled on appellant's workers' compensation appeal. Without this precise issue being presented on appeal and a fully developed record before us, we cannot determine whether the Kansas appeal will be controlling as to the issue of the existence of workers' compensation coverage. However, for purposes of this appeal, we need not

answer this question. Regardless of who ultimately decides the issue of the existence of workers' compensation coverage, the trial court here misinterpreted and applied the law as to what it was required to find in dismissing Count I of appellant's petition. Based on the pleadings, appellant asserted facts in his petition which if proved would entitle him to relief. Because the trial court incorrectly found and applied the law in dismissing Count I of appellant's petition, we must reverse and remand.

## CONCLUSION

The trial court's order sustaining respondents' motion for summary judgment on Count II of appellant's petition is affirmed.

The trial court's order sustaining respondents' motion to dismiss Count I is reversed and remanded for the trial court to reinstate Count I of appellant's petition, unless the trial court determines appellant was a covered employee under workers' compensation in accordance with this opinion.

All Concur.