Thomas CALLAHAN, Appellant,

v.

ALUMAX FOILS, INC., Respondent.

No. 72908.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 6, 1998.

Thomas J. Gregory, Mogab & Hughes, St. Louis, for appellant.

John H. Quinn III, Thomas B. Weaver, St. louis, for respondent.

AHRENS, Presiding Judge.

Plaintiff, Thomas Callahan, brought a negligence action against defendant, Alumax Foils, Inc., for injuries plaintiff sustained while working as the employee of Gateway Mechanical, an independent contractor, which was doing work at defendant's manufacturing plant. Plaintiff appeals from the trial court's judgment granting defendant's motion for summary judgment or, in the alternative, to dismiss for lack of subject matter jurisdiction. We affirm.

In late 1993, defendant contracted with Gateway Mechanical, an independent plumbing contractor, to install piping in its manufacturing plant. Pursuant to this contract, Gateway sent plaintiff to defendant's manufacturing plant to install the required piping. On January 11, 1994, plaintiff was injured while installing piping at defendant's plant when a pipe in the room he was working emitted carbon monoxide. Plaintiff was overcome by the carbon monoxide and fell from the ladder on which he had been standing.

Defendant filed a workers' compensation claim against his employer, Gateway. Plaintiff settled his workers' compensation claim against Gateway in January 1995 for $24,622. Plaintiff then filed this negligence action against defendant in January 1996. Defendant filed a motion for summary judgment, or in the alternative, a motion to dismiss for lack of subject matter jurisdiction in February 1996. In this motion, defendant first contended that plaintiff was its statutory employee under section 287.040.1 RSMo. (1994), and therefore, plaintiff could only recover against defendant in a workers' compensation claim. Plaintiff also argued that as a matter of law, plaintiff could not recover in negligence against it.

The trial court agreed with both of defendant's contentions. In its judgment, the trial court first ruled that plaintiff was defendant's statutory employee and that therefore, plaintiff could only bring a workers' compensation claim against defendant with the Labor and Industrial Relations Commission. The trial court then stated that even if it had subject matter jurisdiction over plaintiff's claim, as a matter of law plaintiff could not recover against defendant in negligence and therefore defendant was entitled to summary judgment.

Plaintiff's first point on appeal asserts that he was not a statutory employee of defendant and therefore could bring a negligence action against defendant. In his second point, defendant contends that there was a genuine issue of material fact as to whether he could recover against defendant in negligence. Because it is dispositive to our analysis, we need only address plaintiff's second point.

A moving party is entitled to summary judgment if it demonstrates that it is entitled to judgment as a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. 1993); Rule 74.04(c). The movant meets its *prima facie* burden for summary judgment if it demonstrates, by reference to pleadings, discovery or affidavits, that there is no genuine issue as to any material fact so that it is

entitled to judgment as a matter of law. *ITT*, 854 S.W.2d at 380; Rule 74.04(c)(1). Once the moving party has met its *prima facie* burden, the non-moving party must proffer evidence outside its pleadings that creates a genuine issue of material fact. *ITT*, 854 S.W.2d at 380; Rule 74.04(e).

Here, as we have outlined above, plaintiff was an employee of an independent contractor that defendant contracted with to install piping in defendant's manufacturing plant. Also, there is no dispute that plaintiff received a workers' compensation award from his employer. Our Supreme Court has held that in such a situation, a plaintiff cannot bring a cause of action in negligence against the landowner for the landowner's direct negligence for failure to warn the contractor of a dangerous condition on defendant's property[1] or the contractor's negligence under an inherently dangerous activity theory[2]. *Matteuzzi v. Columbus Partnership, L.P.*, 866 S.W.2d 128, 131–32 (Mo. banc 1993).[3] Rather, a plaintiff may only recover against the landowner in tort if the plaintiff can demonstrate that the landowner controlled both the jobsite and the activities of the contractor. *Id.* at 132.

■ In the instant case, defendant's motion for summary judgment alleged undisputed facts by reference to affidavits and depositions that demonstrated that there was no genuine issue of fact that it was not controlling Gateway's activities. Specifically, defendant referred to plaintiff's deposition and the affidavit of one of its managers that supported its allegation that it did not direct, monitor or control Gateway or any Gateway employee while they were installing the piping. Thus, defendant met its *prima facie* burden in showing that it was entitled to judgment as a matter of law. Accordingly, the burden shifted to plaintiff to proffer evidence that would create a genuine issue of fact as to that issue.

■ In his memorandum in opposition to defendant's motion for summary judgment, plaintiff first argued that the control test did not apply. Plaintiff contends that he could have proceeded under § 343 of the Restatement of Torts, the general provision governing premise liability for an invitee. However, under the test announced in *Matteuzzi*, if the plaintiff is covered by his employer's workers' compensation insurance, he must show that the defendant was controlling both the contractor's activity and the jobsite to recover under any tort theory. Accordingly, a plaintiff who is covered by his employer's workers' compensation coverage cannot bring a negligence cause of action under § 343 against the landowner. *Gillespie v. St. Joseph Light & Power Co.*, 937 S.W.2d 373, 378–79 (Mo.App.1996).

■ Plaintiff next argues that the control test should not apply because the instrumentality that caused his injury, the pipe emitting the carbon monoxide, was not the subject of the contract between defendant and his employer. However, as we indicated above, *Matteuzzi* explicitly holds that an employee of an independent contractor cannot recover against a landowner unless the plaintiff can demonstrate that defendant was controlling the jobsite and the activity of the contractor. Thus, the fact that the instrumentality that caused the injury was not the subject of the underlying contract between defendant and Gateway is not relevant to our analysis of whether there is a material question of fact as to whether defendant is liable to plaintiff in negligence. *See Gillespie*, 937 S.W.2d at 374–75. (Holding that plaintiff could not recover under the control test when he fell off a beam that was not the subject of the contract between his employer and the defendant landowner).

■ Plaintiff further contends that the control test should not apply here because

---

1. *See* Restatement of Torts (Second) section 413 (1965).

2. *See* Restatement of Torts (Second) section 416 (1965).

3. The rationale underlying this rule is twofold. First, the landowner has already indirectly paid for workers' compensation coverage because the independent contractor will pass the cost of the coverage on to the landowner in the contract price. *Id.* Secondly, holding the landowner liable would encourage landowners to use their own inexperienced employees to perform inherently dangerous work, which would increase the overall risk of injury. *Id.* 132.

the dangerous condition existed before he began working at defendant's plant. If plaintiff could have proceeded under a theory that defendant was negligent for failing to warn of a dangerous condition on its property, this allegation would have precluded summary judgment in favor of defendant. *See* Restatement (Second) of Torts § 413(b) (1965). However, *Matteuzzi* explicitly holds that a plaintiff who is covered by his employer's workers' compensation insurance cannot bring a cause of action against the landowner under § 413 of the Restatement. *Matteuzzi*, 866 S.W.2d at 131–32. Thus, whether or not the dangerous condition existed before plaintiff began working on defendant's property is not relevant to our analysis. *See State ex. rel. Anheuser–Busch v. Mummert*, 887 S.W.2d 736, 737 (Mo.App.1994). (Holding that plaintiff could not recover under the control test when he alleged that the dangerous condition existed before he started working on defendant's property).

■ Plaintiff further argues that even if the control test is proper here, there is a genuine issue of fact as to whether defendant controlled the premises. Plaintiff bases this argument on the fact that defendant continued to operate its plant and retained control over the entire plant with the exception of the room in which he was working. It is true that under the Restatement's version of the control test, the contractor must have exclusive possession of the premises for the landowner to avoid liability. Restatement (Second) of Torts § 422, cmt. c (1965).

■ However, as we have illustrated above, under Missouri's version of the control test, the plaintiff must show that the landowner was controlling both the jobsite and the activities of the contractor. *Matteuzzi*, 866 S.W.2d at 132. Consequently, under Missouri's version of the control test, the fact that the landowner was in control of at least a portion of the premises is not relevant in determining whether the plaintiff met his burden of proof. *See Lawrence v. Bainbridge Apartments*, 919 S.W.2d 566, 570 (Mo. App.1996). In *Lawrence* the defendant landowner retained complete possession of its apartment complex while plaintiff was washing the windows of the complex pursuant to a

contract between the defendant and the plaintiff's employer. The court held that defendant did not have "control" under the *Matteuzzi* test because it was not controlling the contractor's activities. *Id.* at 570–71. Similarly, in the instant case, defendant did retain possession of most of its manufacturing plant but was not controlling Gateway's activity.

■ Plaintiff's final argument as to why summary judgment was not appropriate is that defendant's employees told him where to install the piping, what type of piping to install and frequently conferred with him on the progression of his work. Plaintiff asserts these factors create a genuine dispute as to whether defendant was controlling the activities of the contractor. A defendant does not control the activity of the contractor if he gives instructions to the contractor's employees that merely secure compliance with the contract. *Matteuzzi*, 866 S.W.2d at 132 (citing *Halmick v. SBC Corporate Services, Inc.*, 832 S.W.2d 925, 929 (Mo.App.1992)). Rather, a plaintiff must demonstrate that the defendant landowner was controlling the physical activities of the contractor's employees or the details of the manner in which they completed the work. *Owens v. Shop 'N Save Warehouse Foods, Inc.*, 866 S.W.2d 132, 135 (Mo. banc 1993).

Here, plaintiff concedes that defendant was not controlling his work. Also, defendant's alleged action of directing plaintiff where to install the piping, what type of piping to install and conferring with the plaintiff to ensure satisfactory progress does not create a genuine issue of fact as to whether it was controlling the details of plaintiff's installation of the piping. *See Id.* Rather, these alleged actions at most support an inference that defendant was simply attempting to secure Gateway's compliance with the contract. *See Lawrence*, 919 S.W.2d at 570. Thus, plaintiff failed to establish that there was a genuine issue of fact as to whether defendant was controlling the activities of Gateway.

Defendant met its *prima facie* case for summary judgment by demonstrating, through affidavits and depositions, that there

was no genuine issue of fact as to whether it was controlling Gateway's activities. Also, plaintiff failed to produce evidence that created a genuine issue of fact as to whether defendant was controlling the activities of Gateway. Therefore, the trial court did not err in granting defendant's motion for summary judgment. Because we hold that the trial court's granting defendant's motion for summary judgment was proper, we need not address whether plaintiff was a statutory employee of defendant. *See Anheuser-Busch*, 887 S.W.2d at 739.

The judgment of the trial court is affirmed.

CRANDALL and KAROHL, JJ., concur.