Dennis D. GOSNELL and Katherine M. Gosnell, Plaintiffs,

v.

Ivan L. MULLENIX, Defendant.

No. 89–0971C(6).

United States District Court, E.D. Missouri, E.D.

Jan. 21, 1992.

Christopher Karlen, Ziercher & Hocker, St. Louis, Mo., for plaintiffs.

James Lemonds, Holtkamp, Liese, Beckemeier & Childress, St. Louis, Mo., for defendant.

MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the motion of defendant Ivan Mullenix (Mullenix) to dismiss plaintiffs' second amended petition and defendant's response thereto. In this action plaintiffs Dennis and Katherine Gosnell seek recovery for personal injuries and loss of consortium sustained as a result of Dennis Gosnell's fall from an elevated walkway during the construction of the Bogey Hills apartment complex in St. Charles, Missouri. Defendant Mullenix is the owner of the property on which the apartment complex was constructed and the sole shareholder, director and president of Mullenix Corporation (MC), the general contractor for the construction of the apartment complex. Plaintiffs originally filed a claim against the general contractor, MC, which this Court dismissed as preempted by the Missouri Workers' Compensation Statute R.S.Mo. § 287.040 et seq. At the time of the accident Dennis Gosnell was an employee of D & L Plumbing Co., a subcontractor engaged in plumbing work at the complex. Plaintiffs contend that Mullenix was negligent in failing to place a guardrail on the elevated walkway and thus failed to fulfill the duty of care which he owed to business invitees such as Dennis Gosnell.

On May 17, 1991 Mullenix filed a motion to dismiss plaintiffs' original complaint on the basis of *Zueck v. Oppenheimer*, 809 S.W.2d 384 (Mo.1991) (en banc), in which the Missouri Supreme Court held that employees of independent contractors covered by workers' compensation may not recover from landowners under the "inherent dan-

ger" doctrine of landowner liability.[1] On May 24, 1991 plaintiffs obtained leave to file a second amended petition in which they contend that MC is the alter ego of Mullenix and seek to hold Mullenix personally liable under a premises liability theory. The Court also granted plaintiffs a continuance from the June 1991 trial setting in order to permit plaintiffs to depose Mullenix and elaborate on their new theory of liability. Plaintiffs deposed Mullenix in July of 1991, and in August of 1991 defendant moved to dismiss the second amended complaint. Defendant contends that plaintiffs have failed to offer any proof in support of their allegation that MC is the alter ego of Mullenix. Defendant further asserts that even if Mullenix is held personally liable to the Gosnells under an alter ego theory his liability would be governed by the Missouri Workers' Compensation Statute. R.S.Mo. § 287.040.

In response plaintiffs contend that the holding in *Zueck* does not bar their claims. They assert that the rationale of that decision is inapplicable where the landowner is able to exercise pervasive control over the independent contractor. They assert that because MC, the contractor, is, in effect, the alter ego of Mullenix, he exercised complete control over the operations of the contractor and should be held personally liable for the injuries Gosnell sustained.

Having reviewed the parties' arguments, the Court concludes that plaintiffs' complaint should be dismissed on the basis of the holding in *Zueck v. Oppenheimer.* As the Missouri Court of Appeals recently held, the "purpose of *Zueck* is to promote the workers' compensation system." *Aubuchon v. Hyland,* 820 S.W.2d at 617 (citing *Zueck v. Oppenheimer,* 809 S.W.2d at 388). The alleged identity of interest between Mullenix, the landowner, and MC, the independent contractor, does not alter the primacy of the workers' compensation remedy here. That remedy supplants the function of the inherent danger doctrine and operates to place injured employees of independent contractors in the same posi-

tion as innocent third parties. *Zueck v. Oppenheimer,* 809 S.W.2d at 389. In *Zueck,* the Missouri Supreme Court recognized that the cost of workers' compensation is a cost of doing business and that an independent contractor passes this cost on to the landowner when he bids on a project. *See id.* Therefore, the landowner bears the cost of the workers' compensation remedy. *Id.* Plaintiffs' alter ego theory has no effect upon this cost sharing mechanism, absent some indication that the landowner or the contractor failed to obtain workers' compensation insurance. *See id.* at 388.

The Court recognizes that the holding in *Zueck* is premised in part on the notion that landowners should not be penalized for engaging independent contractors when improvements or repairs demand skills exceeding the landowner's own expertise. *Zueck v. Oppenheimer,* 809 S.W.2d at 387–88. Nevertheless, the Missouri Supreme Court noted that a landowner who chooses to have his own servants perform such work limits his exposure to that provided for by the workers' compensation statute. *See id.* at 388. On the basis of the foregoing, the Court finds that the overriding rationale for the rule set forth in *Zueck,* the preservation of "the intended exclusivity of the workers' compensation as an injured worker's remedy" is equally applicable in this case and sufficiently compelling to mandate the same outcome as in *Zueck.* Although plaintiffs contend that they have not recovered workers' compensation benefits from MC's workers' compensation insurer, they do not explain why they have failed to avail themselves of this obvious remedy. In addition, they do not assert that the workers' compensation remedy is unavailable to them. Accordingly, the Court concludes that defendant's motion to dismiss should be granted.

---

**1.** In November of 1991 the Missouri Court of Appeals held that the rule of law announced in *Zueck* would be applied retroactively to injuries occurring prior to the Missouri Supreme Court's decision in *Zueck.* *See Aubuchon v. Hyland,* 820 S.W.2d 613, 616–617 (Mo.App.1991).