**Dennis D. GOSNELL; Katherine M. Gosnell, Plaintiffs–Appellants,**

v.

**Ivan L. MULLENIX, Defendant–Appellee.**

No. 93–1362.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Dec. 9, 1993.

Edward K. Fehlig, Clayton, MO, argued, for plaintiffs-appellants,

James P. Lemonds, St. Louis, MO, argued, for defendant-appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and BEAM, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Dennis and Katherine Gosnell appeal from the district court's [1] dismissal of their claims for recovery for personal injuries and loss of consortium sustained as a result of Dennis Gosnell's fall from an elevated walkway while working at a construction site owned by Ivan Mullenix, 781 F.Supp. 619. We affirm the judgment of the district court.

Mr. Gosnell worked as a plumber for D & L Plumbing, an independent contractor for Mullinex Corporation, when he fell from an unprotected elevated walkway at Mullinex's job site. Ivan Mullinex is the owner of the property where the fall occurred, as well as the sole shareholder, director, and president of Mullenix Corporation, the general contractor for the construction project. Gosnell received workers' compensation for his injuries from D & L Plumbing's insurer. He thereafter filed an action against Mullinex Corporation for negligence. Mullinex Corporation filed a motion to dismiss on the basis of *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384, 390 (Mo.1991), in which the Missouri Supreme Court held that employees of independent contractors covered by workers' compensation cannot recover from landowners under the "inherent danger" doctrine of landowner liability. The district court granted the motion, but allowed the Gosnells to file a second complaint against Mullinex personally. In their second amended complaint, the Gosnells alleged that Mullinex was the "alter ego" of Mullinex Corporation and that he was liable because he negligently failed to maintain a safe work environment. The district court dismissed the Gosnells' second complaint, stating that because Dennis Gosnell already received workers' compensation from the independent contractor, *Zueck* controlled. The court emphasized that "*Zueck* is premised in part on the notion that landowners should not be penalized for engaging independent contractors when improvements or repairs demand skills exceeding the landowner's own expertise." The court stated that the "preservation of 'the intended exclusivity of the workers' compensation as an injured worker's remedy' is ... sufficiently compelling to mandate the same outcome as in *Zueck*."

On appeal the Gosnells argue that the district court erred in dismissing their claims against Mullinex because *Zueck* does not apply when the landowner is able to exercise pervasive control over the premises. Mullinex contends that the Gosnells failed to prove that he is the alter ego of Mullinex Corporation and argues that even if he is found personally liable, his liability is limited and governed by Missouri Workers' Compensation law. We believe that the rule articulated in *Zueck* bars the Gosnells' action against Mullinex.

■ We review de novo the district court's determinations of state law. *Salve Regina College v. Russell*, 499 U.S. 225, 231, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

■ In *Zueck*, the Missouri Supreme Court overruled earlier cases that held a landowner vicariously liable for the injuries to an independent contractor's employee engaged in an inherently dangerous activity. 809 S.W.2d at 390. *Zueck* abolished the inherently dangerous exception with regard to employees of independent contractors covered by workers' compensation. *Id.* Therefore, once an employee receives workers' compensation, he cannot also look to the landowner for recovery because the remedy for an injured employee is workers' compensation, not recovery under tort law from the landlord corporation. Since Gosnell recovered a workers' compensation settlement, the Gosnells cannot state a claim for relief against Mullinex.

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

The Gosnells seek to distinguish *Zueck* by showing that Mullinex is the alter ego of Mullinex Corporation and therefore liable because he controlled the premises. We find it immaterial whether Mullinex is the alter ego of Mullinex Corporation because the rationale of *Zueck*, namely the exclusivity of workers' compensation as the remedy, still applies. The Missouri Supreme Court recently interpreted *Zueck* to preclude an employee of an independent contractor who has received workers' compensation from recovering from the landowner unless the owner controls either "the physical activities of the employees of the independent contractors or the details of the manner in which the work is done." *Matteuzzi v. The Columbus Partnership, L.P., et al.*, 866 S.W.2d 128, 131, (Mo.1993) (quoting *Halmick v. SBC Corporate Servs., Inc.*, 832 S.W.2d 925, 929 (Mo.Ct.App.1992), (affirming dismissal of petition); *Owens v. Shop 'N Save Warehouse Foods, Inc.*, 866 S.W.2d 132, 134 (Mo.1993) (affirming summary judgment). The pleadings contain no allegations that Mullinex substantially controlled the D & L Plumbing employees, and we do not understand Gosnell as claiming he was not the employee of D & L Plumbing.

The Gosnells have failed to establish that the district court erred in dismissing their claims. We affirm.