**Bret Anthony NOBLE, et al.,
Plaintiffs/Appellants,**

v.

**David and Ellen BARTIN,
Defendants/Respondents.**

No. 67248.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 31, 1995.

Toni Griesbach, Joseph A. Frank, The John J. Frank Partnership, St. Louis, for appellants.

Thomas J. Plunkert, Leritz, Plunkert & Bruning, P.C., St. Louis, for respondents.

SMITH, Presiding Judge.

Plaintiffs, husband and wife, appeal from a directed verdict granted at the close of their evidence on their claims for damages for personal injury and loss of consortium resulting from a fall sustained by Bret Noble while doing insulation work at a house under construction for the Bartins. We affirm.

The Bartins began arrangements for the construction of their home in the fall of 1989. They utilized an architect for certain preliminary work and some general supervision during construction with that supervision diminishing as the work progressed. They also utilized their son as a liaison between the architect, the various contractors performing work on the premises and themselves. In October, 1990, the home was still under construction, the roof was on, but the stairwell to the second floor was not yet in place. Noble was sent to the job site by his employer, an insulation company, to insulate the house. The insulation company was an independent contractor. Mrs. Bartin was present at the home that morning and spoke to Noble about being sure there was adequate insulation around pipes under the floor joists and not to insulate around a ceiling fan until it had been inspected. Mrs. Bartin then left the job and her son remained.

The area where the stairwell was to be located was open and had no safety railing. Noble insulated the exterior walls of the second floor in the morning, and upon his return from lunch, climbed a ladder to the second floor to insulate a more inaccessible area. He took several steps, his foot buckled, he lost his balance and fell through the open stairwell into the basement. He sustained serious permanent injury predominately to his left heel. Noble was aware of the open stairwell and a raised lip around it. He testified the condition was open and obvious. He was also unsure of what caused his foot to buckle, but surmised it was the raised lip around the stairwell. The trial court sustained defendants' motion for directed verdict on the grounds that defendants did not owe a duty to plaintiffs to protect Bret from injury because of the condition of the stairwell, that the condition was open and obvious and that Bret did not know what caused his foot to buckle. We need address only the duty issue.

An employee of an independent contractor who has permission to use an owner's facility takes the status of a business invitee. *Halmick v. SBC Corporate Services, Inc.*, 832 S.W.2d 925 (Mo.App.1992) [3–5]. The general rule is that the owner of property owes an invitee an obligation to use reasonable and ordinary care to prevent injury to the invitee. *Id.* An exception to this rule is created where the landowner relinquishes possession and control of the premises to an independent contractor during a period of construction. *Id.* During this period, the independent contractor, not the landowner, is seen as the possessor of the land. *Id.* The duty to use reasonable and ordinary care to prevent injury shifts from the landowner to the independent contractor. *Id.*

The duty does not shift, however, if the owner controls either the physical activities of the employees of the independent contractor or the details of the manner in which the work is done. The plaintiff bears the burden of establishing control by the owner. *Matteuzzi v. The Columbus Partnership, L.P.*, 866 S.W.2d 128 (Mo. banc 1993) [9–11]; *Owens v. Shop 'N Save Warehouse Foods, Inc.*, 866 S.W.2d 132 (Mo. banc 1993) [2]. The owner's involvement in overseeing construction must be substantial in order to justify imposition of liability, and control must go beyond securing compliance with contracts. *Halmick, supra* at [8]. Plaintiffs point to the instructions of Mrs. Bartin to Noble at the time he arrived at work as establishing control of the physical activities of the employee and the details of the manner in which the work is done. The instructions do not arise to the level necessary to establish control by the defendants. Mrs. Bartin made no effort to tell Noble how to do his job, how he was to proceed, or what order the job should proceed in. She did no more than call to his attention two items which required a particular type of attention. Noble was not engaged in dealing with either of those items at the time of his injury, even if

that were relevant. The control exercised here was no greater than that present in *Halmick* and *Owens* where the court found no duty on the landowner.

■ Plaintiffs also advance the contention that under *Plank v. Union Electric Co.,* 899 S.W.2d 129 (Mo.App.1995) the defendants had undertaken to perform a duty owed by another to Noble. *See* Section 324A(b) Restatement (Second) of Torts (1965). The difficulty with that contention is that the person owing the duty it is claimed defendants undertook to perform is not identified, nor does the evidence establish defendants undertook to perform any duty owed by another to Noble.

The judgment is affirmed.

GARY M. GAERTNER and RHODES, JJ., concur.