# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3242

_____

Michael T. Mullins,        *
                           *
    Appellant,         *
                           *  Appeal   from   the   United
                           *  States
  v.                       *  District Court for the
                           *  Western    District    of
                           *  Missouri
Tyson Foods, Inc.,         *
                           *
    Appellee.          *
                           _____

                       Submitted:   February 13, 1998

                            Filed:    May 13, 1998

_____

Before McMILLIAN and WOLLMAN, Circuit Judges, and BOGUE,[1]
    District Judge.

_____

McMILLIAN, Circuit Judge.

    Michael  T.  Mullins  (Mullins)  appeals  from  a  final
order  entered  in  the  District  Court  for  the  Western

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District
of South Dakota, sitting by designation.

District of Missouri granting summary judgment in favor of

defendant Tyson Foods, Inc. (Tyson), on Mullins's premises liability claim. <u>Mullins v. Tyson Foods, Inc.</u>, No. 96-1065 (W.D. Mo. June 25, 1997) (order granting summary judgment) (hereinafter "slip op."). For reversal, Mullins argues that the district court erred in relying upon a line of Missouri cases regarding landowner liability that developed out of the "inherently dangerous activity" doctrine. For the reasons discussed below, we agree and reverse the judgment of the district court and remand the case to the district court for further proceedings .

## Jurisdiction

The present case was removed from state court pursuant to 28 U.S.C. § 1441. Jurisdiction was proper in the district court based upon 28 U.S.C. § 1332. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed under Rule 4(a) of the Federal Rules of Appellate Procedure.

## Background

The facts in this case, as set forth in the district court's order, are largely undisputed and presented in the light most favorable to Mullins, the non-moving party. Mullins was an employee of Little Rock Electrical Contractors (LRE), an independent contractor hired by Tyson to perform electrical work at Tyson's production plant in Sedalia, Missouri ("the plant"). LRE's contract work at the plant began in October 1993 and initially involved running temporary lights throughout the plant. LRE continued to perform electrical jobs at the plant

including, among other things, installing permanent lights and electrical wire for motorized electrical doors throughout the main hallway which runs through the north side of the plant.  LRE completed its work in the main hallway by June 1994, but continued to perform other electrical work at the plant.

In June 1994 Tyson began processing operations in the production area located on the west side of the plant. Tyson employees transported chicken from the production area, through the main hallway, to freezers located in the northeast and east areas of the plant. Waste and fluids from the chickens sometimes fell to the floor in the hallway while the chickens were being transported. Tyson employees occasionally mopped the floor of the main hallway using a liquid cleaner and cleaned the area using large machines, but sometimes left behind cleaning solution and the waste and fluid from the chickens. Although the floor of the production area was covered with a non-slick "toughcoat" surface, the main hallway was not.

On July 5, 1994, Mullins had been working on the north side of the plant when he went on his lunch break. He started to walk down the main hallway and, as he turned the northeast corner of the main hallway, he slipped and fell, injuring his back. It is assumed that he slipped on a combination of waste and fluids from the processed chickens, water, and cleaning solution. Mullins filed a workers' compensation claim and settled with LRE's workers' compensation insurance carrier for approximately $22,453.00.

On September 11, 1996, Mullins filed the present action in Missouri state court. Tyson removed the case to the United States District Court for the Western District of Missouri on the basis of diversity jurisdiction. Tyson subsequently moved for summary judgment on the ground that relief for Mullins was

foreclosed under <u>Matteuzzi v. Columbus Partnership, L.P.</u>, 866 S.W.2d 128 (Mo. 1993) (en banc) (<u>Matteuzzi</u>) (abolishing the "inherently dangerous activity doctrine" for injuries sustained by an independent contractor's employee who is covered by workers' compensation insurance and holding that such employee may establish negligence as an invitee only if the landowner retained possession and control of the premises). The district court granted Tyson's motion holding that, under <u>Matteuzzi</u>, for liability to attach, a landowner must substantially control the job site, the physical activities of the independent contractor's employees, and the details of the manner in which the work

was done, and that Tyson did not have such control in the present case. Slip op. at 5, 12. This appeal followed.

## Discussion

The central issue in this case is whether, in light of <u>Matteuzzi</u> and other Missouri cases, the Missouri Supreme Court would hold that Tyson is exempt from liability under the facts of this case. Under Missouri law, landowners generally are not liable for injuries to employees of independent contractors who are engaged in inherently dangerous activity[2] and are covered by workers' compensation.[3] <u>E.g.</u>, <u>Matteuzzi</u>, 866 S.W.2d at 131-32. We must therefore determine whether the Missouri Supreme Court would hold that this rule also precludes landowner liability for injuries to such employees that arise from

---

[2]Under the inherently dangerous activity doctrine, landowners bore a nondelegable duty of care to employees of independent contractors engaged in inherently dangerous activities. This doctrine was created to prevent landowners from unfairly benefitting from hiring outsiders to perform dangerous work and to ensure that employees of independent contractors would be compensated for injuries. <u>Zueck v. Oppenheimer Gateway Properties, Inc.</u>, 809 S.W.2d 384, 387-88 & n.1 (Mo. 1991) (en banc). Once the workers' compensation program was established, workers were provided with a sure source of recovery and the "anomaly" created by the inherently dangerous activity doctrine--that landowners would be liable for the negligence of independent contractors hired for their expertise in dealing with the dangerous activity-- was corrected. <u>Id.</u> at 388.

[3]The inherently dangerous activity doctrine is still applicable in causes of action based upon a landowner's vicarious liability where an injured third party, including an employee of an independent contractor, is not covered by workers' compensation. <u>See Matteuzzi v. Columbus Partnership, L.P.</u>, 866 S.W.2d 128, 131 (Mo. 1993) (en banc).

conditions that are unrelated to the contracted work, outside of the independent contractor's control, and in an area that is not part of the independent contractor's job site.  In other words, we must determine whether the

Matteuzzi test for premises liability applies to any and all tort claims of employees of independent contractors who are covered by workers' compensation. After a careful review of Missouri law, we hold that the Matteuzzi standard does not extend to all such claims and, more important, it does not apply to Mullins's premises liability claim. Accordingly, we reverse the order of the district court.

I. The *Matteuzzi* Standard & Missouri Premises Liability Law

In Matteuzzi, the Missouri Supreme Court set forth the standard for premises liability as follows:

> It is well settled that a property owner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee, . . . and that an employee of an independent contractor who has permission to use a landowner's premises or facilities is such an invitee. If, however, the landowner relinquishes control of the premises to an independent contractor during a period of construction, the duty of care shifts to the independent contractor. The landowner, no longer considered the possessor of the land, is thus relieved of potential liability. On the other hand, to establish that the landowner retained possession and control of the premises and the attendant duty of care, [the plaintiff] must show that the landowner controlled the jobsite and the activities of the contractor. . . . "[T]he owner's involvement in overseeing construction must be substantial . . . the control must go beyond securing compliance with the contracts; the owner must be controlling the

physical activities of the employees of the independent contractors or the details of the manner in which the work is done."

Id. at 132 (quoting Halmick v. SBC Corp. Serv., Inc., 832 S.W.2d 925, 929 (Mo. Ct. App. 1992) (other citations omitted)). In an earlier case, Zueck v. Oppenheimer Gateway Properties, Inc., 809 S.W.2d 384 (Mo. 1991) (en banc) (Zueck), the Missouri Supreme Court overruled extant caselaw by limiting the application of the inherently dangerous activity doctrine to tort claims for which workers' compensation was not

recoverable.  Id. (holding that landowner may no longer be held vicariously liable for contractor's negligence where workers' compensation is available).  Read together, Matteuzzi and Zueck carved out an exception, based on whether a landowner relinquished or maintained control over the job site, to the common law exception exempting landowners from liability for injuries sustained by employees of independent contractors who are engaged in inherently dangerous activity and covered by workers' compensation.  See Matteuzzi, 866 S.W.2d at 131-32.  In short, Matteuzzi and Zueck restored the exception to the general rule of landowner liability vis-a-vis invitees in holding that landowners cannot be held directly or vicariously liability for the injuries of employees of an independent contractor when the landlord relinquishes control of the premises to the independent contractor during a period of construction and the injured employee is covered by workers' compensation.  See Matteuzzi, 866 S.W.2d at 132; cf. Zueck, 809 S.W.2d at 390.

Missouri courts applying the Matteuzzi standard have defined its applicability in broad terms.  See, e.g., Horner v. Hammons, 916 S.W.2d 810, 814 (Mo. Ct. App. 1995) (holding that Matteuzzi bars landowner liability "whether or not the employee was engaged in an inherently dangerous activity . . . and regardless of whether the liability sought to be imposed is vicarious or direct") (citations omitted); Gillespie v. St. Joseph Light and Power Co., 937 S.W.2d 373, 379 (Mo. Ct. App. 1996) (Gillespie) ("[L]andowners are not liable for injuries to employees of independent contractors, even if the landowners were directly negligent, if the employer of the injured

employee is liable for workers' compensation."). However, these statements must be read in the context of the facts of these cases which describe injuries that occurred in the course of performing or preparing to perform the contracted work. Moreover, neither <u>Matteuzzi</u>, <u>Zueck</u>, nor their progeny have dismantled the long standing doctrine that "a property owner owes an invitee the duty to use reasonable and ordinary care to prevent injury to the invitee, . . . and . . . an employee of an independent contractor who has permission to use a landowner's premises or facilities is such an invitee." <u>Matteuzzi</u>,

866 S.W.2d at 132 (internal cites omitted).  Indeed, Matteuzzi did not address whether a landowner who retains control of common areas unrelated to the performance of the contracted work also retains the duty of care to ensure that such areas are safe for employees of independent contractors.  Further, Missouri courts have yet to hold that a landowner is not liable to an employee of an independent contractor under those circumstances. Moreover, the cases that extend the scope of Matteuzzi are clearly distinguishable from the present case because, in those cases, the employees of the independent contractor were injured in the course of performing the contracted work for which they were hired.  See, e.g., Gosnell v. Mullenix, 11 F.3d 780 (8th Cir. 1993) (Gosnell) (Missouri law) (plumber fell from elevated walkway during construction of apartment complex); Owens v. Shop 'N Save Warehouse Foods, 866 S.W.2d 132 (Mo. 1993) (painter slipped on scaffolding painted, at landowner's insistence, in a color not available in non-slick safety spray); Gillespie, 937 S.W.2d at 374-75 (employee of independent contractor fell through gap between steel beams hidden by accumulated dust and insulation while installing cable on top of beams); Lawrence v. Bainbridge Apartments, 919 S.W.2d 566 (Mo. Ct. App.1996) (window washer injured in fall after landowner insisted windows be washed from exterior of the building); Noble v. Bartin, 908 S.W.2d 390 (Mo. Ct. App. 1995) (carpenter fell through stairwell when gaining access to area in unfinished residence to install insulation); Halmick v. SBC Corp. Serv., Inc., 832 S.W.2d 925 (ironworker slipped off steel girders while refurbishing airplane hangar); Aubuchon v. Hyland, 820 S.W.2d 613 (Mo. Ct. App. 1991) (ironworker fell while

raising steel beams during construction of high rise building).  See also Matteuzzi, 866 S.W.2d at 128 (carpenter replacing roof rafters injured when brick wall supporting roof collapsed); Zueck, 809 S.W.2d at 385 (painter slipped off platform while painting rafters at St. Louis's Union Station).

Accordingly, Matteuzzi has no application in the present case beyond recognizing the principle that employees of independent contractors are invitees and, as such, are owed a duty of care by the landowner when that duty has not been

transferred to the independent contractor.  See id.  Thus, we need not decide under the Matteuzzi standard whether Tyson retained control of LRE's job site by controlling the physical activities of LRE employees or the details of the manner in which the work was performed because the present case does not involve control of a job site or the duty of care owed to employees of an independent contractor, as such.  Rather, the present case involves the duty of care owed to invitees in common areas of which a landowner has exclusive control and which are unrelated to the performance of contracted work.

## II. The District Court's Memorandum and Order

The district court relied on the Matteuzzi standard to set forth the test for premises liability under Missouri law.  Slip op. at 5-6.  In granting summary judgment in favor of Tyson, the district court specifically relied on the holding in Matteuzzi, 866 S.W.2d at 132, that a landowner is liable for the injuries of the employee of an independent contractor who is entitled to workers' compensation only if, after relinquishing possession and control of the premises, the landowner exercises substantial control over the contractor by controlling the activities of the contractor's employees or the details of the manner in which the contracted work is performed.  See id. at 12, 16.  Under this test, the district court held that summary judgment in favor of Tyson was appropriate because Tyson did not exercise substantial control over LRE employees

generally, or direct Mullins to use the main hallway for ingress and egress in particular.  <u>Id.</u> at 12-13, 16.

The district court based its conclusions on its erroneous interpretation of two cases applying <u>Zueck</u> and <u>Matteuzzi</u>:  <u>Gosnell</u>, 11 F.3d at 781-82 (holding under Missouri law that landowner not liable on premises liability theory where plumber fell from an unprotected, elevated walkway while working at a construction site and

received workers' compensation benefits from independent contractor for injury),and Noble, 908 S.W.2d 390 (affirming directed verdict on premises liability theory in favor of landowner when contractor's employee fell through an open stairwell while preparing to insulate an area of house still under construction).  The district court cites Gosnell and Noble as support for the proposition that a negligence claim by an employee of an independent contractor injured on her way to the job site, and away from the area under the contractor's control, is barred under Missouri law where workers' compensation is available.  Slip op. at 12-14.  The district court further found that, because Mullins was at his job site and he was covered by workers' compensation, his injuries arose out of and in the course of his employment with LRE, and, therefore Tyson could not be liable.  Id. at 15-16.  However, as noted above, the district court failed to recognize that, in each of these cases, the employees of the independent contractors were engaged in contracted work either by gaining immediate access to the job site or during the performance of the actual work.  Cf. Gillespie, 937 S.W.2d at 373 (holding that Matteuzzi barred failure to warn claim by employee of independent contractor who stepped through gap between steel beams hidden by dust and insulation while installing cable on top of beams).

In addition, the district court held that Tyson was shielded from liability because the LRE  job site included "any place where the employee may reasonably be while he [or she] is engaged in the furtherance of the employer's business, or in some activity incidental thereto."  Slip op. at 13 (citing Horner v. Hammons, 916 S.W.2d 810, 815

-17-

(Mo. Ct. App. 1995); Yaffe v. St. Louis Children's Hosp., 648 S.W.2d 549, 550 (Mo. Ct. App. 1982)).  This reasoning confuses the doctrine limiting employer liability to statutory employees, as they are defined by workers' compensation law, with the Matteuzzi standard for landowner liability to invitees who are employees of independent contractors.  The definition of job site employed by the district court was developed under Missouri law in order to establish the scope of employer liability for injuries to statutory employees under Missouri's workers' compensation scheme.  See

Mo. Ann. Stat. § 287.040(1)-(4) (defining statutory employee and provisions for liability between landowners, contractors, and subcontractors under Missouri's workers' compensation scheme); see also Jones Constr. Co. v. Sanders, 875 S.W.2d 154 (Mo. Ct. App. 1994) (summarizing the elements of statutory employment: "1) the work was being performed pursuant to a contract; 2) the injury occurred on or about the premises of the alleged statutory employer; 3) when injured, the alleged statutory employee was performing work which was in the usual course of business of the alleged statutory employer"). By statute, employees of independent contractors engaged in erecting, demolishing, altering, or repairing premises are specifically precluded from being statutory employees. See Mo. Ann. Stat. § 287.040(3). Indeed, the Missouri legislature saw fit to exclude injuries to independent contractors engaged in construction activities from the limitations on recovery imposed by the workers' compensation program. Thus, the definition of job site used to determine the limits of liability for injuries to statutory employees is not applicable to landowner liability for injuries to employees of independent contractors, and the district court's reliance on this definition of job site is misplaced.

III. Analysis

We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Get away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).  We review the district court's determinations of state law de novo.  Salve Regina College v. Russell, 499 U.S. 225, 231 (1991).

Mullins contends that Tyson maintained control over the main hallway (and, therefore, owed a duty of care to invitees) by commencing processing operations in the plant, using the hallway to transport chickens, and cleaning the hallway.  As a result, Mullins argues, Tyson controlled the hallway, as a matter of law, and further, caused the conditions that resulted in his injury.  Accordingly, Mullins asserts that Tyson may be liable under the general rule of premises liability for injuries to invitees.  We agree and, as stated earlier, we hold that Matteuzzi does not extend to the facts of the present case.

Upon de novo review, we find that the district court misapplied Missouri law, especially in its interpretation of Matteuzzi, Gosnell, and Noble.  In all three cases, the employee was engaged in the contracted work when injured and the landowner  had relinquished possession and control of the area where the injury occurred.  Further, in Zueck, the Missouri Supreme Court recognized that "[i]ndependent contractors are frequently, if not usually, hired because the landowner is aware of his [or her] own lack of expertise and seeks to have the work performed as safely and efficiently as possible by hiring those possessing the expertise he [or she] lacks."  Zueck, 809 S.W.2d at 387-88.  Thus, the holding in Zueck limiting employees of independent contractors to workers' compensation benefits is premised at least in part on the notion that landowners should not be penalized for hiring independent contractors when construction or repairs demand skills exceeding the landowner's own expertise.  See id.

The Missouri Supreme Court also held that the "purpose of  Zueck is to promote the workers' compensation system." Aubuchon v. Hyland, 820 S.W.2d at 617 (citing Zueck, 809 S.W.2d at 388).  It follows then that the holding in Zueck should be limited to injuries arising out of conditions contemplated in the contract.  Indeed, a workers' compensation program, like any insurance program, is a cost-spreading mechanism, whereby liability is placed on the party best able to bear the cost of injury.  See id. The

Zueck court recognized that once workers' compensation created a suitable means to spread the costs of workers' injuries, the prior tort regime wherein parties best able to avoid risk would bear liability, should be reinstated. Zueck, 809 S.W.2d at 389. Making an independent contractor solely liable for dangers inherent in the contracted work where there is workers' compensation is consistent with the idea that liability will be imposed on the party best able to minimize the risks. Id. However, limiting recovery to workers' compensation held by the independent contractor where injury arises from circumstances that are unrelated to the contracted work and within the exclusive control of the landowner is anathema to those ideals. Indeed, LRE could not, except through extraordinary measures, have exercised any responsibility to minimize the risks created by Tyson's activities in the main hallway. Therefore, the facts in this case are not inconsistent with the holding or rationale in Zueck and Matteuzzi. To be sure, the Missouri legislature or Missouri Supreme Court may make workers' compensation the exclusive remedy for all injuries to employees of independent contractors. However, because it has not yet done so and in light of the foregoing analysis, this court does not find support in Missouri law for such a result.

Thus, we hold that, under the facts at bar, the Missouri Supreme Court would hold that an employee of an independent contractor who is in an area that is not under the contractor's control and is not part of the job site, and who can show that the landowner exercised control is

-23-

not precluded from bringing a premises liability claim by the <u>Matteuzzi</u> line of cases.

## Conclusion

In sum, this court holds that, under Missouri law, landowner owes a duty to an employee of an independent contractor to use reasonable and ordinary care to prevent injury to the employees caused by dangerous conditions created by the landowner in an area of the landowner's premises that is controlled by the landowner and is not an

area where the employee is performing contracted work for the landowner.  For the reasons stated in this opinion, the district court order granting summary judgment in favor of Tyson is reversed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.