# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2324

_____

Michael A. Bone; Ramona Bone,      *
                                   *
Plaintiffs - Appellants,      *
                                   *   Appeal from the United States
v.                                 *   District Court for the
                                   *   Eastern District of Missouri.
Ames Taping Tool Systems, Inc.      *
                                   *
Defendant - Appellee.      *

_____

Submitted:  January 15, 1999

Filed:  June 8, 1999

_____

Before LOKEN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

Michael Bone worked as a drywall taper for many years, using an automated taping gun known as the "Bazooka."  In late 1990, Bone began experiencing numbness and burning in his arms and hands.  He has since been treated for cumulative injuries to his shoulders, elbows, and wrists.  Bone and his wife sued the Bazooka's manufacturer, Ames Taping Tool Systems, Inc., in Missouri state court, asserting product liability and loss of consortium claims.  Ames removed, invoking the district court's diversity jurisdiction.  The Bones now appeal the district court's grant of summary judgment for Ames on the question of causation.  We review the

grant of summary judgment de novo, viewing the evidence most favorably to the non-moving party.  See Mullins v. Tyson Foods, Inc., 143 F.3d 1153, 1158 (8th Cir. 1998).  Concluding that the deposition testimony of plaintiffs' medical experts is sufficient evidence that use of the Bazooka directly caused or contributed to cause Michael Bone's injuries, we reverse and remand.

Michael Bone taped drywall from 1980-1992, operating the Bazooka several hours each workday.  The Bazooka weighed seventeen pounds when full of taping compound.  It required repetitive wrist motions and considerable pressure to apply compound.  With no convenient hand holds, it was awkward to support and maneuver, particularly while doing overhead work.  Bone developed carpal tunnel syndrome in both wrists, rotator cuff damage to both shoulders, thoracic outlet syndrome affecting his neck and shoulders, and cubital tunnel syndrome in his elbows.  When months of therapy and four surgeries failed to alleviate his discomfort, Bone quit taping because he could not work without severe pain and numbness.

Under Missouri law, to prevail on a claim of strict liability, negligence, or breach of warranty, Bone must prove that his use of the Bazooka directly caused or contributed to cause some or all of his injuries. Missouri uses the "but-for" causation test; use of the Bazooka was a legal cause of Bone's injuries if they would not have occurred "but for" that conduct.  See Callahan v. Cardinal Glennon Hosp., 863 S.W.2d 852, 860-63 (Mo. banc 1993); Tenbarge v. Ames Taping Tool Sys., Inc., 128 F.3d 656, 659 n.3 (8th Cir. 1997).  In a case involving multiple possible causes, a plaintiff must "exclude other causes by presenting substantial evidence that a particular cause for which defendant is liable is responsible for plaintiff's injuries." Kircher v. Purina Mills, Inc., 775 S.W.2d 115, 117 (Mo. banc 1989).

The Bones rely on the deposition testimony of four treating physicians to prove causation.  Dr. S. Vic Glogovac treated Michael Bone's wrists for carpal tunnel syndrome.  He opined that the forceful, repetitive flexion and extension of Bone's

wrists created pressure on the carpal tunnel, causing nerve damage over an extended period of time.  He attributed the pressure to Bone's use of his hands at work, specifically to his operating the heavy Bazooka for several hours a day.  The district court dismissed Dr. Glogovac's opinion as not being stated "to a reasonable degree of medical certainty."[1]  However, Dr. Glogovac testified:

> Q   Doctor, is your opinion in that regard based upon reasonable medical certainty?
>
> A   Yes.

Dr. Glogovac's deposition testimony is sufficient evidence to raise a genuine issue of material fact whether the Bazooka caused Michael Bone's wrist injuries. "Absolute certainty is not required."  Lemm v. Gould, 425 S.W.2d 190, 200 (Mo. 1968).

Dr. Susan Mackinnon treated Michael Bone's shoulder problems.  She testified that his "use of that Bazooka gun definitely contributed to the development of thoracic outlet syndrome."  She also opined that his thoracic outlet syndrome would aggravate cubital tunnel syndrome, the elbow injuries Michael developed.  She acknowledged that other overhead activities would be aggravating factors but found Bone's use of the Bazooka most significant because it involved supporting a heavy object while working overhead. The district court dismissed this testimony because

---

[1]Many Missouri cases state that a medical expert's opinions must be expressed to a reasonable degree of medical certainty.  When the issue is causation, this requires the expert to have a "reasonable certainty in his mind" that "the result in question most probably came from the cause assigned."  "[O]pinions of experts that a certain occurrence or condition might or could produce a certain result . . . does not alone constitute substantial evidence that such occurrence or condition did cause it." Kinealy v. Southwestern Bell Tel. Co., 368 S.W.2d 400, 404-05 (Mo. 1963).

it was not stated to a reasonable degree of medical certainty. Again, that issue was sufficiently covered in Dr. Mackinnon's deposition:

> Q   Doctor, have all the opinions that you've given here . . . been based upon your education, training, experience, your treatment of Mike Bone to a reasonable medical certainty?
>
> A   Yes.

We conclude Dr. Mackinnon's deposition testimony is sufficient evidence to raise a genuine issue of material fact whether the Bazooka caused or contributed to Michael Bone's shoulder and elbow injuries.

We agree with the district court that the deposition testimony of plaintiffs' other treating physicians did not create a genuine issue of material fact as to causation. Dr. Robert Markenson discussed generally how overhead work can cause or contribute to rotator cuff tendinitis in the shoulders, but he did not attribute Michael's shoulder injuries specifically to his use of the Bazooka. Dr. Richard Lehmann testified that Bone's use of the Bazooka "probably" caused his shoulder problems, but he did not have sufficient knowledge of Bone's work activities to provide a foundation for that rather hesitant opinion. Nevertheless, giving the Bones the benefit of all reasonable inferences, the testimony of Dr. Glogovac and Dr. Mackinnon provide sufficient evidence of causation under Missouri law to defeat Ames's motion for summary judgment on this issue.

The Bones also seek review of the district court's pretrial ruling that the opinion testimony of their design engineer and ergonomics expert on the issue of the Bazooka's alleged defective design must be excluded under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The Supreme Court recently emphasized that district courts must screen the reliability of all expert testimony but have substantial discretion in deciding how to test an expert's reliability and whether the

expert's relevant testimony is reliable. See Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167, 1174-76 (1999). We decline to consider this pretrial evidentiary ruling at this point in the lawsuit, particularly since it is not at all clear what impact the ruling will have on the ultimate disposition of plaintiffs' claims, whether by summary judgment or after trial. See Newman v. Ford Motor Co., 975 S.W.2d 147, 152-54 (Mo. banc 1998); Tune v. Synergy Gas Corp., 883 S.W.2d 10, 14 (Mo. banc 1994).

The judgment of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.