# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4043

_____

| | | |
|---|---|---|
| Carl M. Jones, April D. Jones, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| ISP Minerals, Inc., | * | Appeal from the United States |
| | * | District Court for the |
| Appellee, | * | Eastern District of Missouri. |
| | * | [UNPUBLISHED] |
| v. | * | |
| | * | |
| Brockmiller Construction, Inc., | * | |
| | * | |
| Third Party Defendant. | * | |

_____

Submitted: May 8, 2000
Filed: June 6, 2000

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

PER CURIAM.

ISP Minerals, Inc., contracted with Brockmiller Construction, Inc., to have the latter perform a construction job. Brockmiller employees, including Carl Jones, performed the work on ISP's property. During the construction, Jones fell through a skylight and was injured. He sought and received workers' compensation. He also

brought this claim against ISP, and his wife April Jones brought a related loss-of-consortium claim. The District Court[1] granted summary judgment to ISP, applying the Missouri rule that prohibits an employee of an independent contractor from recovering against a landowner for injuries sustained while working at a jobsite under the possession and control of the contractor. See Matteuzzi v. Columbus Partnership, L.P., 866 S.W.2d 128, 132 (Mo. 1993). The Joneses appeal and we affirm.

The Joneses rely on Mullins v. Tyson Foods, Inc., 143 F.3d 1153 (8th Cir. 1998), where an independent contractor's employee slipped and fell while away from the jobsite on his lunch break. Because the independent contractor did not have control over the area where the employee was injured, we allowed the employee's premises liability claim against the landowner to go forward. See id. at 1159. In this case, when Jones fell, he was at the jobsite performing work duties under specific instructions from his employer, and thus his fall was a risk "inherent in the contracted work," not "unrelated to the contracted work and within the exclusive control of the landowner." Id. Mullins is therefore inapplicable. Since ISP did not control the details of the work project, ISP may not be held liable for Jones's injuries. See Matteuzzi, 866 S.W.2d at 132.

The Joneses' other contentions are meritless, and further discussion of these state law issues is unnecessary. The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1] The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.