# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 04-2914

_____

Local 2379, United Automobile              *
Aerospace and Agricultural                 *
Implement Workers of America,              *
                                           *          Appeal from the United States
          Plaintiff - Appellee,            *          District Court for the
                                           *          Western District of Missouri.
     v.                                    *
                                           *
ABB, Inc.,                                 *

          Defendant - Appellant.

_____

Submitted: April 14, 2005
Filed: June 21, 2005

_____

Before MELLOY, COLLOTON, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

ABB, Inc. ("ABB") appeals from the district court's grant of summary judgment in favor of Local 2379 of the United Automobile, Aerospace and Agricultural Implement Workers of America ("the Local"). We hold that the Missouri Workers' Compensation Law ("MWCL") does not prohibit an employer from requiring an injured employee to use paid-leave benefits, rather than unpaid leave, to attend follow-up medical treatment scheduled during work hours. For the

reasons discussed below, we reverse the judgment of the district court and remand for entry of summary judgment in favor of ABB.

## I.    BACKGROUND

The Local is the exclusive bargaining agent for the hourly production and maintenance workers employed at ABB's Jefferson City, Missouri plant. Accordingly, a collective bargaining agreement ("CBA") governs the terms and conditions of employment for the plant's hourly workforce. For this appeal, the pertinent portion of the CBA is Article IX, Section 3, which provides in relevant part:

> [ABB] and [the Local] agree that all laws of the State of Missouri shall govern regarding the administration of industrial injury as required. [ABB], [the Local], and the employees will be subject to the laws set forth and any State legislation that is modified, changed, amended and enacted will be applied as required by laws in effect or as they become effective.

App. 83-84.

Before entering into the CBA, ABB maintained a practice of paying its employees their full salary for time away from work to receive follow-up medical treatment related to a workplace injury. Employees were not required to use paid-leave benefits, defined in the CBA as paid vacation or personal business leave, and would not be charged with an absenteeism occurrence. Believing its practice went beyond the requirements of Missouri law, ABB unilaterally chose to adopt a policy requiring injured employees to use paid-leave benefits to cover the time away from work seeking follow-up medical care. The Local immediately filed grievances on behalf of a number of employees, protesting the required use of paid-leave benefits

and the imposition of unexcused occurrences[1] for failure to do so. To resolve the grievances, ABB and the Local eventually entered into a supplemental agreement to the CBA, which included an "unexcused occurrences" provision and an "exception" provision:

> [ABB] will no longer charge represented employees with an unexcused occurrence for absences due to disabilities, whether work-related (workers' compensation) or nonwork-related (A&S or short term disability). Nor will any previously recorded occurrences for disabilities be used in any future attendance-related discipline steps.
>
> ...
>
> An exception to this Agreement is that any represented employee who refuses to use either vacation and/or personal business (PB) days for post injury/illness doctors' and therapy visits during work hours will be charged an unexcused occurrence for the time away from work.

Agreement Between ABB-Jefferson City and UAW Local 2379 ("Supplemental Agreement").[2]

---

[1]The Local explained the significance of "unexcused occurrences" as follows: "Under [ABB's] attendance policy, disciplinary action, graduating to discharge, is taken against hourly employees who receive four or more [unexcused] occurrences within a twelve month period."

[2]It is apparently undisputed that no employee has ever been charged with an unexcused occurrence for failing to use paid-leave benefits when taking time away from work to receive follow-up medical care. ABB's practice has been to deduct automatically the time from the employee's paid leave. If an injured employee has exhausted his paid-leave benefits, ABB's practice apparently is to grant an excused absence without pay. Our opinion addresses both the policy embodied in the Supplemental Agreement and ABB's actual practice under that agreement.

Despite the negotiated agreement, the Local filed suit against ABB in Missouri state court. The complaint sought a declaratory judgment that the exception provision is contrary to Missouri law because it impermissibly encumbers an injured employee's statutory right to medical treatment. On May 21, 2003, the case was properly removed to the United States District Court for the Western District of Missouri. At the time of removal, the parties were of diverse citizenship and the amount in controversy was greater than $75,000.00. *See James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005).

ABB and the Local filed cross-motions for summary judgment. Importantly, the Local did not argue that employees are entitled to receive wages without using paid-leave benefits while missing work to attend follow-up medical care. Rather, the Local's argument was that the MWCL mandates that those employees should be able to choose whether to use paid-leave benefits or excused leave without pay for the follow-up medical visits. The use of excused leave without pay would allow them flexibility to save their paid-leave benefits for future use. ABB argued rather pointedly, "If an employer can legally deny salary to an employee [attending follow-up medical care], it is absurd to claim an employee is illegally denied compensation by paying that employee for [that time]."

The district court denied ABB's motion for summary judgment and granted in part and denied in part the Local's motion for summary judgment.[3] The district court then issued judgment in favor of the Local, declaring on two alternative grounds that

---

[3]The Local argued on summary judgment that the allegedly illegal exception provision should be severed from the Supplemental Agreement. The district court, concluding that the unexcused-occurrences provision was indelibly intertwined with the exception provision, denied the Local's motion for summary judgment insofar as it sought to sever the illegal provision from the Supplemental Agreement and enforce the remainder. Instead, the district court declared the entire Supplemental Agreement illegal and unenforceable.

the MWCL prohibits ABB's practice of requiring an employee to use paid-leave benefits, rather than unpaid leave, when an employee must leave work to obtain follow-up care for a job-related injury.[4]  First, the district court held that ABB's policy violates Mo. Rev. Stat. § 287.140.1 because it denies an injured employee his regular compensation.  Alternatively, the district court held that ABB's policy placed an impermissible qualification on an injured employee's exercise of the statutory right to medical care under the MWCL.  ABB appeals from the district court's grant of partial summary judgment.

## II.    DISCUSSION

We review de novo a district court's grant of summary judgment, applying the same standard as the district court.  *Donovan v. Harrah's Maryland Heights Corp.*, 289 F.3d 527, 528-29 (8th Cir. 2002).  Both parties agree that the facts are not in dispute.  Therefore, we review de novo the district court's legal conclusions concerning the proper interpretation of the MWCL. *Gosnell v. Mullenix*, 11 F.3d 780, 781 (8th Cir. 1993) ("We review de novo the district court's determinations of state law.").

One of the primary purposes of the MWCL "is to ameliorate, in the interest of working people and the public welfare, losses sustained from accidental injuries received by the working person in the course of employment." *City of St. Louis v.*

---

[4]The Missouri General Assembly recently amended the MWCL by adding subsection 14 to § 287.140.    *See* S.B. 1, 93rd Gen. Assem., 1st Reg. Sess. (Mo. 2005).  The amendment provides, "The employer may allow or require an employee to use any of the employee's accumulated paid leave, personal leave, or medical or sick leave to attend to medical treatment, physical rehabilitation, or medical evaluations during work time.  The intent of this subsection is to specifically supercede and abrogate any case law that contradicts the express language of this section."  This amendment becomes effective August 28, 2005.

*Grimes*, 630 S.W.2d 82, 85 (Mo. banc. 1982) (quoting *Wengler v. Druggists Mut. Ins. Co.*, 583 S.W.2d 162, 164 (Mo. banc 1979), *rev'd on other grounds*, 446 U.S. 142 (1980)). To this end, the MWCL provides monetary compensation to an employee for wages lost as a result of an injury suffered during work. Under the relevant statutes, "the weekly compensation shall be an amount equal to sixty-six and two-thirds percent of the injured employee's average weekly earnings[.]" Mo. Rev. Stat. § 287.170.1(1); *see generally* Mo. Rev. Stat. §§ 287.170, 287.180, 287.190. The MWCL also imposes on employers an unqualified and absolute duty to provide medical care for employees injured during work. *Wiley v. Shank & Flattery, Inc.*, 848 S.W.2d 2, 4 (Mo. Ct. App. 1992). The operative section of the statute provides: "In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury." Mo. Rev. Stat. § 287.140.1.

In granting partial summary judgment to the Local, the district court held that the phrase "in addition to all other compensation" in § 287.140.1 was ambiguous because "compensation" was not explicitly defined in the MWCL. Therefore, the district court resorted to the dictionary definition of compensation. Merriam-Webster Dictionary, the dictionary used by the district court, defines compensation as "a recompense or reward for some loss or service." *Local 2379, United Auto., Aerospace and Agric. Implement Workers of Am. v. ABB, Inc.*, No. 03-4109-CV, slip op. at 5 (W.D. Mo. July 29, 2004). Placed in the context of employment, the district court held that compensation includes, "at a minimum, salary and fringe benefits, such as sick leave and vacation." *Id.* at 6. Consequently, the district court reasoned that § 287.140.1 prohibits ABB from requiring employees injured on the job to spend their "compensation," in the form of paid-leave benefits, in order to receive the statutorily mandated follow-up medical care.

We disagree with the district court's reasoning that the term "compensation" as used in the MWCL is ambiguous. Rather, we believe that § 287.140.1 must be read in the context of the entire MWCL. *See Marie v. Standard Steel Works*, 319 S.W.2d 871, 876 (Mo. banc 1959) ("[I]n determining the intent and meaning of [a term] used in the [MWCL], the words must be considered in their context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words."). One of the primary purposes of the MWCL is to provide workers monetary *compensation* for wages lost as a result of a workplace injury. In addition to this compensation for lost wages, § 287.140.1 also imposes an unqualified and absolute duty on the employer to provide medical care for the injured worker–in other words, to cover the worker's medical bills apart from and in addition to the compensation for lost wages. Properly understood, therefore, the term "compensation" as used in § 287.140.1 refers to the monetary compensation provided to injured workers as required by the MWCL, not to the overall compensation an employee generally receives from his employer in the normal course of the employment relationship. *See generally* Mo. Rev. Stat. §§ 287.170, 287.180, 287.190.

In this case, the parties concede and the district court recognized that the Local is not seeking to force ABB to pay wages outside the paid-leave benefit system for the time spent by injured employees in attending follow-up medical care. The Local seeks only to give injured employees a choice of taking paid leave or taking excused unpaid leave if they wish to preserve their paid leave for later use. Regardless of whether the context is the MWCL or the standard dictionary, we do not think the term "compensation" includes the right for an employee to take unpaid leave, instead of available paid-leave benefits, at the employee's sole discretion. Consequently, we believe that the district court erred when it broadened the term "compensation" to include the flexibility to take excused unpaid leave in order to attend follow-up medical care. We agree with ABB that it would be ironic to hold that ABB is denying

compensation to an injured employee when the actual effect of its policy is to require the employee to accept compensated, rather than uncompensated, leave.

As a separate basis for summary judgment, the district court held that the Supplemental Agreement impermissibly shifted to the injured employee the burden of ABB's statutory duty to provide medical services. The district court reasoned that requiring an injured employee to use paid-leave benefits in order to receive statutorily-mandated medical care would impermissibly alleviate the employer's absolute and unqualified duty to provide such care. According to the district court, this "is contrary to the fundamental purpose of the [MWCL], which 'is to place upon industry the losses sustained by employees resulting from injuries arising out of and in the course of employment.'" *Local 2379,* slip op. at 7 (quoting *Wolfgeher v. Wagner Cartage Serv., Inc.*, 646 S.W.2d 781, 783 (Mo. banc 1983)). We disagree.

We do not believe that ABB's practice under the Supplemental Agreement shifts to the injured employee any part of the employer's burden under the MWCL to provide for medical services. Nothing in the MWCL requires an employer to pay an injured employee outside the confines of the employer's established paid-leave benefits system when the employee leaves work to attend follow-up medical care. Further, nothing in the MWCL prohibits an employer from requiring an injured employee to use paid-leave benefits, rather than unpaid leave, in that situation. We decline to write such a provision into the MWCL when the legislature has not chosen to do so. Instead, we believe the MWCL's silence regarding an area of labor-management relations should not, as a general rule, create ambiguity in the statute. Indeed, there may be a number of permissible reasons for the Missouri General Assembly's disinclination to regulate this area of labor-management relations statutorily. *See Clark v. Kansas City, St. Louis & Chicago R.R. Co.*, 118 S.W. 40, 45-46 (Mo. 1909) ("It would be idle to speculate upon the ground for such legislative omission and silence. For aught that we know both omission and silence may have been grounded on an allowable legislative reason."). In this case, silence may well

-8-

have been intended to advance Missouri public policy favoring negotiated collective bargaining agreements that fix the conditions of employment between labor and management. *McAmis v. Panhandle E. Pipe Line Co.*, 273 S.W.2d 789, 793 (Mo. Ct. App. 1954) ("[A]s a general rule, public policy favors the negotiation of collective bargaining agreements, or contracts, fixing conditions of employment between labor and management."). Recognizing that the Missouri General Assembly had been silent on this issue, the parties to this litigation originally viewed this controversy as a matter of contract, and we see no reason here to disturb judicially what has been agreed upon contractually. *See Evans v. Mo. Util. Co.*, 671 S.W.2d 812, 815 (Mo. Ct. App. 1984) (viewing as a matter of contract the issue of whether payments under a collective bargaining agreement should be credited toward compensation required under the MWCL).

In summary, MWCL § 287.140.1 gives an employee the right to employer-provided medical care in addition to monetary compensation for wages lost as a result of the work-place injury. The MWCL does not prohibit an employer from requiring an employee to use paid-leave benefits, rather than unpaid leave, when the employee leaves work to attend follow-up medical treatment. We conclude that the district court incorrectly interpreted the MWCL. We therefore see no reason why the parties' agreement in the Supplemental Agreement should not be enforced in its entirety.

## III.   CONCLUSION

The district court incorrectly held that the Missouri Workers' Compensation Law prohibits an employer from requiring an injured employee to use paid-leave benefits to attend follow-up medical treatment scheduled during work hours. Therefore, we reverse that part of the district court's judgment entered in favor of the Local and remand the case for entry of summary judgment in favor of ABB consistent with this opinion.

_____